746 So.2d 1191 (1999)
Rodney HAMPTON a/k/a Rudolph Anthony Askew a/k/a Raymond Brown, Appellant,
v.
STATE of Florida, Appellee.
No. 99-02809.
District Court of Appeal of Florida, Second District.
December 10, 1999.
*1192 PER CURIAM.
Rodney Hampton appeals the summary denial of his motion for jail credit, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Hampton claims that he is entitled to credit for time spent in the Hillsborough County jail based on his arrest for the Hardee County charge at issue in this case. Hampton further alleges that, before sentencing, he was released on his own recognizance from the Hillsborough County jail, and subsequently arrested in an unrelated case in Collier County. He also seeks credit from the date Hardee County placed a hold on him while he was in the Collier County jail, until the date he was sentenced in this case. The circuit court denied Hampton's motion on the ground that a defendant is not entitled to time on a hold while under other sentence or charges. The court attached nothing to its order of denial.[1]
Given the limited record before us, we cannot tell whether Hampton is entitled to additional jail credit. We do not know whether Hardee County issued a warrant in connection with its issuance of a hold while Hampton was incarcerated in the Collier County jail. Nor do we know whether Hampton's Hardee County sentence runs concurrently with his Collier County sentence. If both of these things happened, Hampton would be entitled to jail credit from the date a warrant issued on the Hardee County charges even if, at the time, he was being held in the Collier County jail on unrelated charges. See Travis v. State, 724 So.2d 119, 120 (Fla. 1st DCA 1998)(holding that "from the time a warrant is transmitted or issued to another county and that county incarcerates the defendant on unrelated charges, that defendant...is deemed to be in custody on the warrants from both counties and therefore entitled to jail credit on concurrent sentencing"); Price v. State, 598 So.2d 215 (Fla. 5th DCA 1992)(reversing summary denial of rule 3.850 motion where appellant was entitled to jail credit for time spent in the Alachua County jail, from date he was arrested on Volusia County charges, not from date detainer was issued).
Nevertheless we must affirm the circuit court's order because Hampton's motion fails to satisfy the pleading requirements of State v. Mancino, 714 So.2d 429, 433 (Fla.1998). Our affirmance is without prejudice to Hampton's ability to file a proper rule 3.800(a) motion in the circuit court which alleges that the court records demonstrate on their face an entitlement to relief. See Spivey v. State, 737 So.2d 604 (Fla. 1st DCA 1999); Crompton v. State, 728 So.2d 1188 (Fla. 1st DCA 1999). If Hampton files such a motion, the circuit court should consult Hampton's court file and his jail records in determining whether relief is warranted. See Hidalgo v. State, 729 So.2d 984, 986 (Fla. 3d DCA *1193 1999) (holding circuit court should examine court file and, if necessary, jail card to determine whether defendant is entitled to additional credit for time served).
Affirmed.
NORTHCUTT, A.C.J., and GREEN and CASANUEVA, JJ., Concur.
NOTES
[1] The circuit court's order comes close to being the type of "rubber-stamp" denial that this court has disapproved for use on motions seeking postconviction relief. See, e.g., Parnell v. State, 642 So.2d 1092 (Fla. 2d DCA 1994). Because the order appears to contain a clerk's filing date, we deem it to be sufficiently rendered so that we may review it.