FULMER, Acting Chief Judge.
Robert Medina appeals the denial of his motion for postconviction relief, in which he sought presentence jail credit for his Hillsborough County probation violation case. We reverse because the record does not refute Medina’s claim.
Medina asserts entitlement to credit for time spent in Alachua County prior to his transfer to Hillsborough County. Medina argues that the trial court erred in denying his claim without holding an evidentia-ry hearing because the record does not conclusively refute his claim that he is entitled to credit for time served before he was transferred to Hillsborough County. The State counters by relying on the case progress notes and the credit time log from the Hillsborough County jail to establish Medina’s period of incarceration.
Medina is entitled to presentence jail credit from the date that he was arrested on the Hillsborough County probation warrant. See Keene v. State, 500 So.2d 592 (Fla. 2d DCA 1986) (defendant is entitled to credit against each sentence for the time spent in jail for the charge which led to that sentence); Price v. State, 598 So.2d 215 (Fla. 5th DCA 1992) (defendant is entitled to credit for time, if any, spent in Alachua County pursuant to Volusia County charges, as long as the defendant was actually arrested on the Volusia County charges pursuant to the detainer). Because the warrant in the record before us does not show the date that it was served, we conclude that the record does not refute Medina’s claim. Accordingly, we reverse with directions to the trial court to refute, if possible, Medina’s claim by furnishing record evidence of the date that the warrant was served or to conduct an evidentiary hearing to determine that date.
Reversed and remanded.
CASANUEVA and DAVIS, JJ., Concur.