778 So.2d 305 (2000)
William R. PENNY, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-4101.
District Court of Appeal of Florida, First District.
August 16, 2000.
William R. Penny, Jr., Pro Se, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant appeals the denial of his Florida Rule of Criminal Procedure 3.800(a) motion for correction of an illegal sentence. We reverse.
Appellant alleged that, pursuant to Pearson v. State, 538 So.2d 1349 (Fla. 1st DCA 1989), he was entitled to as many as 428 more days of jail credit for the sentences imposed following his violation of probation. While he was on probation for crimes committed in Escambia County, Appellant was arrested for new crimes in Holmes County. From the attachments to Appellant's motion and the Clerk's docket attached by the trial court, it appears that Escambia County issued a warrant for Appellant's arrest for violation of probation on July 16, 1996. Also, there is a signed Sentencing Recommendation from the Assistant State Attorney from Holmes County indicating that Escambia County had a hold placed on him while he was awaiting adjudication in Holmes County.
Appellant entered a plea in the Holmes County cases in exchange for a time-served sentence of 428 days plus three years of probation. Having completed his jail time in Holmes County, Appellant was then arrested by Escambia County deputies on June 4, 1997. At his VOP hearing, *306 the trial court acknowledged that the warrant had been issued on July 16, 1996, and the statement from the Assistant State Attorney was discussed. However, when Appellant was sentenced, he received jail credit only for the time he spent in the Escambia County jail.
The trial court found that Pearson did not apply because the record did not indicate that Holmes County had ever received the warrant before Appellant was arrested on June 4, 1997. However, its attachments to the order do not refute Appellant's citation to the Sentencing Recommendation and the trial court's own statements which were made at the violation of probation hearing. The record indicates that the warrant was issued on July 16, 1996. Finally, the fact that Appellant was not officially arrested until after sentencing in Holmes County has no bearing on his right to jail credit while under Escambia County's hold. See Travis v. State, 724 So.2d 119 (Fla. 1st DCA 1998). The record before this court indicates an entitlement to as many as 323 more days of jail credit (July 16, 1996June 4, 1997).
Accordingly, we REVERSE the order on appeal and REMAND for further proceedings consistent with this opinion, Travis, and Pearson.
BOOTH, MINER and VAN NORTWICK, JJ., CONCUR.