787 So.2d 68 (2001)
Jeffrey T. BRYANT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2151.
District Court of Appeal of Florida, Second District.
March 7, 2001.
*69 EN BANC
BLUE, Judge.
Jeffrey T. Bryant appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he seeks additional jail credit. We reverse.
In his motion, Bryant stated that while he was incarcerated in Escambia County in August 1998, a detainer was placed on him for a violation of probation case from Hillsborough County. Bryant alleged that after he was sentenced on his Escambia County case, he was transferred to the Department of Corrections. He was then transferred to Hillsborough County and, on July 7, 1999, was sentenced on the violation of probation. Bryant seeks credit for time served on the Hillsborough County case from the date the detainer was placed on him in Escambia County.
The trial court concluded that, because the time Bryant spent in Escambia County did not involve Hillsborough County charges, Bryant was not entitled to the additional credit. The trial court's order does not include any attachments that conclusively refute Bryant's claim. The record does contain Escambia County's verification of incarceration reflecting that Bryant was incarcerated there from August 7, 1998, through March 23, 1999. This document, however, does not contain any information related to the Hillsborough County charges and so fails to refute Bryant's claim.
When a defendant seeks jail credit on a case for the time that the defendant is incarcerated in another county, there is conflict between the district courts of appeal as to whether credit should be awarded from the date a detainer was issued or the date a defendant was actually arrested. Compare Penny v. State, 778 So.2d 305 (Fla. 1st DCA 2000) (holding defendant entitled to credit while under another county's hold even if not officially arrested), and Travis v. State, 724 So.2d 119 (Fla. 1st DCA 1998) (holding defendant entitled to jail credit when warrant is transmitted or issued to another county and that county incarcerates the defendant on unrelated charges), and Pearson v. State, 538 So.2d 1349, 1350 (Fla. 1st DCA 1989) (holding that where first county's warrant was transmitted to second county that was holding defendant in jail, "defendant deemed to be in custody under warrants for both counties"), with Price v. State, 598 So.2d 215 (Fla. 5th DCA 1992) (holding that defendant entitled to jail time *70 credit from the date of arrest on warrant, not from the date detainer issued). See also Wright v. State, 589 So.2d 382 (Fla. 4th DCA 1991) (citing to Pearson for holding that defendant entitled to credit from time detainer issued); Tharpe v. State, 744 So.2d 1256, 1257 (Fla. 3d DCA 1999) (noting different opinions between districts as to when a defendant is entitled to jail credit; declining to reach matter because not addressed by the parties).
This court has not previously taken a firm position on the matter. See, e.g., Wilder v. State, 753 So.2d 655 (Fla. 2d DCA 2000) (holding defendant entitled to jail credit for time served in Hernando County if held on a Pinellas County arrest warrant while in Hernando County jail); Medina v. State, 779 So.2d 357 (Fla. 2d DCA 2000) (holding defendant entitled to credit from the date he was arrested on probation violation warrant); Hampton v. State, 746 So.2d 1191 (Fla. 2d DCA 1999) (stating that defendant entitled to credit from date warrant issued); Bank v. State, 632 So.2d 640, 641 (Fla. 2d DCA 1994) ("In some circumstances, a defendant may be entitled to presentence credit extending back to the filing of a detainer."); Keene v. State, 500 So.2d 592 (Fla. 2d DCA 1986) (holding defendant is entitled to credit against each sentence for the time actually spent in jail on the charge which led to that sentence).
In Price, 598 So.2d at 217, the Fifth District distinguished the filing of a detainer from the service of an arrest warrant. "[A] detainer merely puts the officials of the institution in which the prisoner is incarcerated on notice that the prisoner is wanted in another jurisdiction for trial upon his release from prison. Further action must be taken by the receiving state in order to obtain the prisoner." Price, 598 So.2d at 217 (quoting United States v. Mauro, 436 U.S. 340, 358, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978)). We note, however, that a detainer can limit the ability of an inmate to be released from custody. Black's Law Dictionary defines a detainer, in part, as "the restraint of a man's personal liberty against his will," and as a "request filed by criminal justice agency with institution in which prisoner is incarcerated, asking institution either to hold prisoner for agency or to notify agency when release of prisoner is imminent." Black's Law Dictionary at 449 (6th ed.1990).
Distinguishing between an arrest on a warrant and the receipt of a detainer can significantly affect the amount of credit time awarded to a defendant. We agree with the First District's holding in Penny, 778 So.2d 305, that the fact that a defendant was not officially arrested in the second county has no bearing on his right to receive jail credit while under the first county's hold. We recede from any prior opinions of this court that support a contrary result.
In this case, because the trial court's order does not include any attachments that conclusively refute Bryant's claim, we reverse the trial court's order. Bryant is entitled to credit from the date the Hillsborough County detainer was placed on him in Escambia County. On remand, the trial court shall either grant relief, attach documents that conclusively refute Bryant's claim, or conduct an evidentiary hearing. We certify conflict with the Fifth District's position to the contrary as stated in Price, 598 So.2d 215.
Reversed and remanded; conflict certified.
PATTERSON, C.J., and THREADGILL, PARKER, ALTENBERND, FULMER, WHATLEY, *71 NORTHCUTT, GREEN, CASANUEVA, SALCINES, STRINGER, DAVIS, and SILBERMAN, JJ., concur.