PER CURIAM.
Michael A. Rivera appeals the trial court’s order which denied in part and *1171 granted in part his motion to correct an illegal sentence. On the authority of this court’s recent decision in Bryant v. State, No. 2D00-2151, — So.2d -, 2001 WL 219857 (Fla. 2d DCA Mar.7, 2001) (en banc), we remand this case to the trial court for further proceedings.
From what we can glean from the limited record before this court, Rivera went on a brief crime spree in both Lee and Charlotte Counties in early 1997. In April 1997 he was arrested in Charlotte County based on Lee County warrants and was transferred to Lee County custody the same day. In May 1997 while Rivera was in custody in Lee County, Charlotte County issued eleven felony warrants for him; however, Charlotte County did not put a detainer on Rivera or arrest him on the warrants at that time. Rivera subsequently entered pleas to the Lee County charges and in June 1998 was sentenced to five years in prison.
In November 1999 Rivera was returned to Charlotte County to face the Charlotte County warrants. He subsequently pleaded no contest to the Charlotte County charges and was sentenced in May 2000 to five years In prison with credit for time served (168 days) to run concurrently with the Lee County sentence.
Rivera raised three issues in his motion to correct illegal sentence, but we find merit only in his argument that he may be entitled to additional jail credit. Rivera argued that he was entitled to have all of his jail time served on the Lee County sentence credited against his Charlotte County sentence so that the sentences would be both concurrent and coterminous. The trial court granted Rivera’s motion on this issue only to the extent of giving Rivera two additional days’ jail credit. Although we agree with the trial court that Rivera was not entitled to the full jail credit he was seeking, our decision in Bryant requires the trial court to determine whether Rivera is entitled to additional jail credit based upon any detainer Charlotte County may have placed against him prior to his November 1999 arrest.
As noted in Bryant, “the fact that a defendant was not officially arrested in the second county has no bearing on his right to receive jail credit while under the first county’s hold.” Bryant, No. 2D00-2151, slip op. at-. Thus, even though Rivera was not arrested on the Charlotte County warrants until November 1999, he would be entitled to jail credit on the Charlotte County sentence for any time served after Charlotte County issued a detainer against him. Because a possibility exists that Rivera may be entitled to additional jail credit because of a Charlotte County detainer, we remand this case to the trial court to determine whether any detainers were filed, against Rivera and, if so, whether he should receive additional jail credit.
Affirmed in part; remanded in part for further proceedings.
PARKER, A.C.J., and WHATLEY and NORTHCUTT, JJ., concur.