798 So.2d 829 (2001)
Antonio GETHERS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2942.
District Court of Appeal of Florida, Fourth District.
October 31, 2001.
*830 Carey Haughwout, Public Defender, and Margaret Good Earnest, Assistant Public Defender, West Palm Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Maria J. Patullo, Assistant Attorney General, West Palm Beach, for Appellee.
GROSS, J.
The issue presented by this case is a common onewhere a defendant has pending criminal charges in multiple Florida counties, how extensive is the credit to which a defendant is entitled for the time he spends in jail in one county?
In this case involving St. Lucie County charges, we hold that the defendant was entitled to credit for time spent in the St. Lucie County jail, but not for time in other jails and prisons which was attributable to other charges.
On February 19, 1999, appellant Antonio Gethers was arrested on burglary charges in St. Lucie County. He bonded out of jail. In April, the state filed an information charging Gethers with attempted burglary of a structure and possession of burglary tools.
On June 4, 1999, in Broward County, Gethers was arrested for driving with a suspended license. On June 22, 1999, the circuit court of St. Lucie County issued a warrant for Gethers's failure to appear for a hearing on his pending burglary charges.
On August 24, 1999, the St. Lucie County Sheriff sent a teletype communication to the Broward County Sheriff. The communication requested that Broward "place a hold" on Gethers based on the active warrant for failure to appear in St. Lucie County. Broward County responded on August 25, that Gethers was subject to an "out of co hold-fel" for the warrant arising from the St. Lucie County charges.
On November 15, 1999, Gethers pled guilty to the Broward charge of driving with a suspended license. He was sentenced to one year and one day in the Department of Corrections. He was taken to the state prison to begin serving his sentence. A short while later, he was transported from prison to Charlotte County, where he was sentenced to eighteen months for a community control violation.
Finally, on May 26, 2000, Gethers was transported to St. Lucie County to answer the burglary charges. Gethers's attorney and the state entered into plea negotiations, but were unable to strike a deal. The two sticking points were whether the defendant's prior record required a prison sentence under the sentencing guidelines and the extent of credit for time served to which Gethers was entitled.
Gethers entered an open plea of no contest to the court. After hearing from the attorneys regarding sentencing, the court gave Gethers an opportunity to address the court directly. He requested a below guidelines prison sentence of not more than eighteen months, with 343 days of jail credit, so the sentence would end at the same time as his Charlotte County sentence.
The circuit court determined that the June 22, 1999 warrant had never been executed on Gethers and that the August 24, 1999 teletype communication amounted *831 only to a detainer. Therefore, the trial court ruled that Gethers was entitled to credit for only the seventy-five days he had actually spent in the St. Lucie County jail. Gethers then moved to withdraw his plea and set the matter for trial. The trial court denied the motion and sentenced Gethers to thirty-six months in the Department of Corrections concurrent "with any previous prison sentence imposed in other counties," with credit for seventy-five days time served.
Gethers filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The circuit court denied the motion, relying on Price v. State, 598 So.2d 215 (Fla. 5th DCA 1992).
The seminal case in this area is Daniels v. State, 491 So.2d 543 (Fla.1986). That case construed language now in section 921.161(1), Florida Statutes (2000), which provides:
A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.
(Emphasis supplied). The statute refers to "the" county jail, not "any" county jail. This choice of article suggests a narrow reading of the statute; it contemplates the typical situation where a defendant spends time in jail awaiting final resolution of a case in the county where charges are pending. The statute was not written to accommodate the mobile, prolific offender whose criminal transgressions span the state.
The proper reading of section 921.161(1) is that a defendant is entitled to credit for each day in jail attributable to the charge for which a sentence is pronounced. Nothing in the statute suggests that a day in jail has some metaphysical credit value dependent on the number of cases a defendant has pending around the state. The statute should not be construed so that the credit value of a day in jail expands with the number of cases a defendant has pending in different Florida counties. We doubt that the legislature wrote section 921.161 to reward recidivism.
Nothing in Daniels compels a different interpretation of the statute. In that case, a defendant on probation for trespassing was arrested and held in jail on charges of kidnapping, burglary, and attempted sexual battery. Fifteen days later a violation of probation warrant was issued and executed. The defendant continued to be held on all charges. See Daniels, 491 So.2d at 544. After his conviction for the three felonies, the defendant's probation was revoked. The judge sentenced the defendant to four concurrent sentences; he credited the defendant for time served on the violation of probation charge, but failed to credit the time served in jail toward the three felony offenses. Id.
The supreme court reversed, holding that where "a defendant receives pre-sentence jail-time credit on a sentence that is to run concurrently with other sentences, those sentences must also reflect the credit for time served." Id. at 545 (emphasis in original). The supreme court distinguished the case from the situation where "the defendant does not receive concurrent sentences on multiple charges; in such a case the defendant `is not entitled to have his jail time credit pyramided by being given credit on each sentence for the full time he spends in jail awaiting disposition.' "Id. (quoting Martin v. State, 452 So.2d 938, 938-39 (Fla. 2d DCA 1984) (quoting Miller v. State, 297 So.2d 36, 38 *832 (Fla. 1st DCA 1974))) (emphasis in original).
Daniels involved a case where a defendant was held in county jail on three felonies and a violation of probation charge arising from the felonies. The cases were pending in the county where the defendant was jailed. The defendant's time in jail was attributable to all four charges, although the violation of probation did not arise until fifteen days after the felony arrests. The opinion is limited to the situation where the defendant is sentenced concurrently on all charges to which the credit applies.
Two recent cases have extended Daniels to the situation where a defendant is in jail in county A and a hold or detainer is placed on the defendant by county B. See Bryant v. State, 787 So.2d 68 (Fla. 2d DCA 2001); Penny v. State, 778 So.2d 305 (Fla. 1st DCA 2000). Both cases hold that a defendant is entitled to credit against a county B sentence for all time spent in county A's jail after the placement of county B's detainer.
Bryant relied on Penny and that opinion cited only Travis v. State, 724 So.2d 119 (Fla. 1st DCA 1998). In Travis a defendant was arrested in Santa Rosa County on Escambia County's warrant. According to case law, the execution of an arrest warrant is very different from the placement of a detainer.[1] We have distinguished between the lodging of a detainer and an arrest for the purpose of triggering the running of speedy trial time. See State v. Fives, 409 So.2d 221, 221 (Fla. 4th DCA 1982); see also Edwards v. Allen, 603 So.2d 514, 515-16 (Fla. 2d DCA 1992).
A similar distinction holds for the purpose of applying section 921.161(1). The fifth district has held that for the purpose of measuring mandatory jail time credit, "the filing of a detainer does not have the same result as the service of an arrest warrant." Price, 598 So.2d at 217; see Toomajan v. State, 785 So.2d 1275 (Fla. 5th DCA 2001); Wiggins v. State, 654 So.2d 1017 (Fla. 1st DCA 1995). "The filing of a detainer is an informal process advising prison officials that a prisoner is wanted on other pending charges and requesting notification prior to the prisoner's release." Price, 598 So.2d at 217 (quoting Orozco v. United States Immigration and Naturalization Serv., 911 F.2d 539, 542 n. 2 (11th Cir.1990)). Further action must be taken by the jurisdiction placing the detainer in order to obtain the prisoner.
The second district was concerned in Bryant "that a detainer can limit the ability of an inmate to be released from custody." 787 So.2d at 70. However, that concern is better addressed by allowing for jail time credit on a detainer only when the detainer is the sole reason prolonging incarceration. Thus, if a defendant is arrested in county A, county B lodges a detainer, and the defendant pleads to time served on county A's charges, the defendant is entitled to credit for the time spent in county A's jail awaiting transport to county B to answer those charges.
In this case, the trial court correctly ruled that the June 22 arrest warrant had never been executed and that the August 25 teletype was a detainer. Therefore, Gethers was entitled to credit for only the seventy-five days spent in the St. Lucie County jail awaiting resolution of the St. Lucie County charges. The time Gethers spent in the Broward County jail, in state prison, and in the Charlotte County *833 jail was not solely attributable to the St. Lucie County charges. Those periods of incarceration were the result of criminal conduct unrelated to the St. Lucie County case. They were outside the section 921.161(1) requirement for county jail time credit.
We, therefore, affirm the circuit court's decision on jail time credit.[2] We certify conflict with Bryant and Penny.[3]
On the remaining issue, we find no error in the trial court's denial of Gethers's motion to withdraw his plea.
Affirmed. However, the case is remanded for the trial court to enter a written sentence reflecting its oral ruling that Gethers was entitled to seventy-five days credit for time served.
KLEIN and SHAHOOD, JJ., concur.
NOTES
[1] We do not reach the issue of whether there should be a distinction between the execution of an arrest warrant and the placement of a detainer in computing a section 921.161(1) jail time credit.
[2] We do not consider the case en banc because there is no conflict with Wright v. State, 589 So.2d 382 (Fla. 4th DCA 1991). Wright did not decide the issue we consider in this case; it remanded the case to the trial court for further development of the record. Id. at 383.
[3] We note that in Penny v. State, 778 So.2d 305 (Fla. 1st DCA 2000), the first district did not acknowledge Wiggins v. State, 654 So.2d 1017, 1018 (Fla. 1st DCA 1995), where it rejected the "claim that the period of time served runs from the date the detainer was filed."