GRIFFIN, J.
Charles Labarbara [“appellant”] appeals sentences he received in three cases.
In early 1990, appellant was charged by three separate informations with a number of offenses arising from three robberies committed in Volusia County, Florida during a nine-day time span in 1989. The offenses included the armed robbery of a Payless Shoe Store on September 30,1989, and a Kentucky Fried Chicken on October 1, 1989, and the robbery of a Wendy’s Restaurant on October 8,1989.
Appellant was serving time in another Florida county on unrelated charges when the informations were filed. He was not formally arrested on the Volusia charges until February 24, 1992. He later pled nolo contendere to two armed robberies and one robbery, and the remaining offenses were dismissed or nolle prossed.
Appellant was sentenced as a habitual offender in all three cases on December 3, 1992. In case number 90-0531-CFAES (the Wendy’s case), he was sentenced for *238 robbery to thirty years in the Department of Corrections. In both case numbers 90-1170-CFAES (the Payless case) and 90-1171-CFAES (the Kentucky Fried Chicken case), he was sentenced for armed robbery with a firearm or deadly weapon to thirty-five years in the Department of Corrections, to be followed by probation for life. All three sentences were to run concurrently.
Appellant did not appeal his sentences, but on March 20, 2001, he filed a pro se rule 3.800(a) motion to correct an illegal sentence. The motion contended that the sentences imposed in case numbers 90-0531-CFAES and 90-1171-CFAES were illegal because they were imposed under the 1989 amended version of section 775.084, which the Florida Supreme Court found unconstitutional in State v. Johnson, 616 So.2d 1 (Fla.1993).[1] Appellant also contended that the sentence imposed in case number 90-1170-CFAES was illegal, even though the offense predated the Johnson “window,” since he did not qualify as a habitual offender under the statute in effect at the time of sentencing because his convictions were from out of state.
On May 14, 2001, the court granted appellant’s motion to correct illegal sentences as to the two offenses committed on or after October 1, 1989. On July 5, 2001, as part of a motion for reconsideration, the court also held that appellant was entitled to be resentenced for the third offense.
On November 5, 2001, appellant came before the court for resentencing. The court rejected appellant’s request for credit for time served from 1990, stating that the law in this district precludes an award of credit for time served from the date a detainer is filed. The court held that credit could be awarded only from the time of appellant’s arrest, which occurred in all three cases on February 24, 1992. The court also rejected appellant’s request for sentencing within the recommended range with respect to the two armed robberies, opting instead for a sentence in the permitted range.[2] He was sentenced to twenty-two years in the Department of Corrections for the armed robberies.
We find these sentencing issues to be without merit. We note, however, that there appears to be a divergence of opinion among the district courts concerning credit for time served. We reiterate our view as expressed in Price v. State, 598 So.2d 215 (Fla. 5th DCA 1992); Nieves v. State, 816 So.2d 822 (Fla. 5th DCA), review dismissed, 823 So.2d 124 (Fla.2002); and Shewbridge v. State, 807 So.2d 182 (Fla. 5th DCA 2002). We note the agreement of the Fourth District Court of Appeal, Gethers v. State, 798 So.2d 829 (Fla. 4th DCA 2001), review granted, 817 So.2d 846 (Fla.2002), and we certify conflict with Bryant v. State, 787 So.2d 68 (Fla. 2d DCA 2001) and Penny v. State, 778 So.2d 305 (Fla. 1st DCA 2000).
AFFIRMED. CONFLICT CERTIFIED.
HARRIS and SAWAYA, JJ., concur.

. The statute became effective on October 1, 1989, and these two offenses had been committed on or after that date.

. Appellant’s guidelines scoresheet showed a total of 289 points, for a recommended sentence of twelve to seventeen years in the Department of Corrections and a permitted range of nine to twenty-two years.