838 So.2d 504 (2003)
Antonio GETHERS, Petitioner,
v.
STATE of Florida, Respondent.
No. SC01-2639.
Supreme Court of Florida.
January 16, 2003.
*505 Carey Haughwout, Public Defender, Margaret Good-Earnest, Assistant Public Defender, Chief, Appellate Division, and Michael Antinori, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, FL, for Petitioner.
Charlie J. Crist, Jr., Attorney General, Celia Terenzio, Bureau Chief, and Maria J. Patullo, Assistant Attorney General, West Palm Beach, FL, for Respondent.
QUINCE, J.
We have for review the opinion in Gethers v. State, 798 So.2d 829 (Fla. 4th DCA 2001), which certified conflict with the opinions in Bryant v. State, 787 So.2d 68 (Fla. 2d DCA 2001), and Penny v. State, 778 So.2d 305 (Fla. 1st DCA 2000). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons set forth below, we approve the Fourth District's decision and hold that absent the execution of an arrest warrant, a defendant who is in jail in a specific county pursuant to an arrest on one or more charges need not be given credit for time served in that county on charges in another county when the second county has only lodged a detainer against the defendant.

Facts
Antonio Gethers (Gethers) was arrested on June 4, 1999, in Broward County on charges of driving under a suspended license. On June 22, 1999, he failed to appear in St. Lucie County on charges of attempted burglary of a structure and possession of burglary tools. He failed to appear because he was still in the Broward County Jail on the driving charges. The St. Lucie County trial judge issued a bench warrant for Gethers' failure to appear. On August 24, 1999, St. Lucie County sent a teletype notification to Broward County directing officials to "place a hold" on Gethers because of the outstanding bench warrant. The next day, Broward County responded that Gethers was subject to an "out of [county] hold-[felony]" for the warrant in St. Lucie County.
On November 15, 1999, Gethers was sentenced in Broward County to a year and one day on the driving charges. At a later unspecified date, he was transferred *506 to Charlotte County to answer to unrelated charges there.
On May 26, 2000, Gethers was transported from Charlotte County to St. Lucie County on the charge for burglary of a structure. Gethers' attorney and the State prosecutor attempted to negotiate a plea, but the parties could not agree on how to apply the sentencing guidelines and the extent of credit Gethers would be given for time served. Gethers entered a plea of no contest, and requested the Court sentence him to a below guidelines sentence of not more than eighteen months with 343 days of jail credit, which included time served on the Broward County charges, so that his St. Lucie County sentence would end at the same time as his Charlotte County sentence. The trial court found that the June 22, 1999, bench warrant had never been executed and that the August 24, 1999, teletype to Broward County amounted only to a detainer. Gethers moved to withdraw his plea. The trial court denied Gethers' motion and sentenced him to thirty-six months in the Department of Corrections to run concurrently "with any previous prison sentence imposed in other counties" and gave Gethers credit for seventy-five days time served, the time Gethers actually spent in the St. Lucie County Jail. Gethers then filed a motion to correct the sentence, which the trial court denied as well.
Gethers appealed to the Fourth District Court of Appeal, arguing that he should have received 343 days jail credit from June 22, 1999, when the bench warrant was issued in St. Lucie County. The Fourth District held that Gethers was not entitled to 343 days of jail credit, that the June 22 warrant was never executed, and that Gethers was held only under a detainer. The Fourth District awarded Gethers seventy-five days jail time credit for the days spent in the St. Lucie County Jail awaiting resolution of the St. Lucie County charges. Gethers, 798 So.2d at 832-33. We agree with the Fourth District.

Discussion
The seminal case on the issue of credit for time served is Daniels v. State, 491 So.2d 543 (Fla.1986). In Daniels, we found that "when, pursuant to section 921.161(1), a defendant receives pre-sentence jail-time credit on a sentence that is to run concurrently with other sentences, those sentences must also reflect the credit for time served." Id. at 545. However, the facts of Daniels are not analogous to the situation presented in this case. While on probation for trespassing, the defendant in Daniels was arrested on charges of kidnapping, burglary, and attempted sexual battery. Several days later, a warrant was issued and served based on the violation of his probation. Although he was sentenced on all four offenses with the sentences to run concurrently, he was only given credit for time served on the trespass sentence. We agreed with the district court's holding that the trial court erred in failing to credit all time served to each of Daniels' concurrent sentences.
Because the violation of probation warrant was executed in Daniels, Daniels' incarceration was attributable to both the three felony charges for which he was originally arrested and the charge pursuant to the warrant. Unlike Daniels, the trial court in this case specifically found that the St. Lucie County warrant dated June 22, 1999, was not executed and that the teletype message sent from St. Lucie County to Broward County was a detainer. While Daniels indicates that a defendant is entitled to receive jail credit on an offense for which a warrant has been duly executed, Daniels does not address the situation where a detainer is lodged against the defendant.
*507 The difference between an executed warrant and a detainer is significant in these situations. A warrant is a "writ directing or authorizing someone to do an act, esp. one directing a law enforcer to make an arrest, a search, or a seizure." Black's Law Dictionary 1579 (7th ed.1999). An arrest warrant must be signed by a magistrate and conform to specific content requirements. See Fla. R.Crim. P. 3.121; see also Robbins v. State, 370 So.2d 420 (Fla. 1st DCA 1979) (holding that a document designated an "Out of Town Arrest and Booking Report" could not be considered an arrest warrant because it did not meet the requirements of the rule). A detainer, on the other hand, "is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." Carchman v. Nash, 473 U.S. 716, 719, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985); see also Bogue v. Fennelly, 705 So.2d 575 (Fla. 4th DCA 1997). A detainer may be lodged by a prosecutor or law enforcement officer and can last indefinitely. See United States v. Mauro, 436 U.S. 340, 358, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978). Detainers informally put officials on notice that the defendant is wanted in another jurisdiction; however, "[f]urther action must be taken by the receiving [jurisdiction] in order to obtain the prisoner." Price v. State, 598 So.2d 215, 217 (Fla. 5th DCA 1992) (quoting Mauro, 436 U.S. at 358, 98 S.Ct. 1834). An arrest warrant is a formal, definitive, and mandatory document, whereas the detainer is the transmission of information and a request to hold a person or notify the requesting authority of the prisoner's imminent release. Therefore, when a defendant is serving time in jail on one charge and a separate jurisdiction issues a detainer for another charge, there is no formal, definitive mandate to hold the defendant in relation to the detainer. Generally, under such circumstances, a prisoner is not in custody pursuant to the detainer. Only if the prisoner is subject to release but is being held because a detainer has been lodged can it be said that the prisoner is in custody pursuant to the detainer.
The First District Court of Appeal in Penny v. State, 778 So.2d 305 (Fla. 1st DCA 2000), and the Second District Court of Appeal in Bryant v. State, 787 So.2d 68 (Fla. 2d DCA 2001), have extended Daniels and allowed a defendant credit for time served in a different county on different charges if a detainer has been issued. Both Penny and Bryant rely on Travis v. State, 724 So.2d 119 (Fla. 1st DCA 1998), for their conclusions. In Travis, a warrant was transmitted from Escambia County to Santa Rosa County. When the Santa Rosa Sheriff's Office attempted to serve Travis with the warrant, Travis resisted and was charged with battery of a law enforcement officer and resisting arrest with violence. Travis was in the Santa Rosa County Jail for 101 days before being sentenced on the Santa Rosa County charges. On the day he was released from the Santa Rosa County Jail, he was formally arrested on the Escambia County warrant. His Escambia County sentence was ordered to run concurrently with the Santa Rosa County sentence. However, the trial court did not award credit for the 101 days spent in the Santa Rosa County Jail. The First District held that Travis was entitled to credit for the 101 days he spent in the Santa Rosa County Jail because the Escambia County arrest warrant had been transmitted. The First District held:
[F]rom the time a warrant is transmitted or issued to another county and that county incarcerates the defendant on unrelated charges, the defendant, as in *508 Pearson v. State, 538 So.2d 1349 (Fla. 1st DCA 1989), is deemed to be in custody on the warrants from both counties and therefore entitled to jail credit on concurrent sentencing.
Travis, 724 So.2d at 120. Unlike the situation in this case where St. Lucie County issued a detainer, a warrant was transmitted in Travis. Both the First District in Penny and the Second District in Bryant have erroneously equated the transmission of the warrant, as in Travis, with the issuance of a detainer. The filing of a detainer or a hold does not have the same effect as an arrest.
We agree with the Fourth District in this case that the filing of a detainer or a hold does not have the same effect as executing or transmitting an arrest warrant. When a county issues a detainer or hold to another county, it is merely requesting either to hold the defendant for the second county or to notify the second county when release is imminent so that the second county can act. In that case, no jail credit need be awarded by the second county for time served in the first county for the period during which the detainer or hold is lodged.
The decision of the Fourth District Court of Appeal is approved.
It is so ordered.
ANSTEAD, C.J., WELLS, PARIENTE, LEWIS, and CANTERO, JJ., and SHAW, Senior Justice, concur.