EVANDER, J.
On May 13, 2005, appellant was sentenced to three years in the Department of Corrections after entering a no contest plea to the charge of grand theft of a motor vehicle.
The record reflects that appellant had been arrested in Mississippi on March 24, 2004, as a fugitive from justice. At the time of his arrest, he had pending charges in Volusia County, Hillsborough County, and Pinellas County. He was transported to the Volusia County jail on March 11, 2005, after resolving his criminal charges in Hillsborough County and Pinellas County. There is documentation in the court file reflecting that appellant was arrested on the Volusia County arrest warrant for the underlying charge on March 11, 2005. Based on such documentation, the trial court found appellant was only entitled to receive 64 days jail credit.
Appellant subsequently filed a motion to correct illegal sentence seeking additional jail credit. Appellant contended he was first arrested on his Volusia County arrest warrant in Mississippi. Both parties agree that appellant would be entitled to additional jail credit if he had been arrested on the Volusia County arrest warrant prior to March 11, 2005. Gethers v. State, 838 So.2d 504 (Fla.2003). The trial court denied appellant’s motion, finding that the Mississippi arrest paper work submitted by appellant did not support his argument. We agree with the trial court’s conclusion.
On appeal, appellant also contends that he was formally arrested on the Volu-sia County arrest warrant in Hillsborough County — shortly after being extradited from Mississippi to Florida. We do not address the merits of this second issue because the matter was not presented to the trial court. Accordingly, we affirm without prejudice to appellant to seek relief from the trial court on this issue. Readon v. State, 925 So.2d 427 (Fla. 3d DCA 2006).
AFFIRMED.
SAWAYA and TORPY, JJ., concur.