PER CURIAM.
 

 Jamie Meade appeals the trial court’s summary denial of her rule 3.800(a) motion in which she asserts entitlement to more days of jail credit than the trial court awarded her at sentencing on her Sumter County offense of organized fraud. We affirm in part, reverse in part, and remand.
 

 Specifically, Meade’s rule 3.800(a) motion alleges that she was arrested on March 12, 2004, for the Sumter County offense and was released on her own recognizance on April 22, 2004, pending sentencing at a later date.
 
 [1]
 
 While on release, Meade answered to, and was sentenced for, unrelated St. Johns County offenses and was placed in the custody of the Department of Corrections, which housed her at the Lowell Correctional Institution. Sumter County issued a detainer against Meade while she was incarcerated at Lowell. After issuance of the detainer, Meade continued to serve her St. Johns County sentence for another 77 days before being transported to Sumter County for sentencing. According to Meade, four days after her arrival in Sumter County, sentencing on the Sumter County offense took place.
 
 [2]
 
 That sentence included an award of 42 days of jail credit — a figure Meade contends fails to credit her with all the time due her.
 

 Meade argues that she is entitled to additional jail credit of 77 days for the period of time (May 23, 2004, through August 7, 2004) Sumter County’s detainer was in place against her while she was incarcerated at Lowell on the St. Johns County offenses. Meade further argues she is entitled to additional jail credit of four days for the time she served while
 
 *1084
 
 awaiting sentencing in Sumter County after she was transported from Lowell. She alleges that this period ran from August 7, 2004, the last day of the detainer, to August 11, 2004, when she was sentenced in Sumter County.
 

 Meade is not entitled to an additional 77 days of credit for the time she served in prison on the unrelated charges from St. Johns County by virtue of the Sumter County detainer.
 
 See Gethers v. State,
 
 838 So.2d 504, 508 (Fla.2003) (“When a county issues a detainer or hold to another county, it is merely requesting either to hold the defendant for the second county or to notify the second county when release is imminent so that the second county can act. In that case, no jail credit need be awarded by the second county for time served in the first county for the period during which the detainer or hold is lodged.”).
 

 With respect to the remaining four days she claims, however, we are compelled to reverse and remand because the trial court failed to refute her claim with record attachments to its order. It appears that the trial court denied relief with regard to the four days on the basis that the 42-day credit already included jail credit for the days Meade spent in Sumter County awaiting sentencing. However, if Meade’s version of the pertinent dates is correct, the 42 days credited her included only the time served from her arrest date of March 12, 2004, to her release on her own recognizance on April 22, 2004. It would not include the additional time she served in August while awaiting sentencing on the Sumter County offense after being transported from Lowell to Sumter County.
 

 The trial court summaiily denied Meade’s claim finding that “Defendant has been already awarded jail time credit for the period of time spent in the Sumter County jail awaiting sentencing.” The problem is that the trial court failed to attach portions of the record refuting the claim. Thus, it is necessary to reverse and remand for the purpose of allowing the court to either attach sufficient portions of the record refuting the claim, grant credit for four additional days of jail time or, if the issue cannot be determined based on the face of the record, deny the claim without prejudice to Meade to file a timely motion pursuant to rule 3.850, Florida Rules of Criminal Procedure, if she is able to do so.
 

 AFFIRMED in part; REVERSED in part; REMANDED for record attachments.
 

 SAWAYA, ORFINGER and TORPY, JJ., concur.
 

 [1]
 

 . The dates espoused by Meade are not the dates recited in the trial court’s order denying relief. The discrepancy affects the correct calculation of jail credit and must be resolved on remand.
 

 [2]
 

 . Again, the dates advanced by Meade as representing the time she awaited sentencing in Sumter County differ from those considered by the trial court.