ORFINGER, C.J.
 

 Robert Robertson alleges that the trial court erred in summarily denying his Florida Rule of Criminal Procedure 3.800(a) motion seeking additional jail-time credit, which would have entitled him to habeas relief of immediate release. We disagree, and affirm.
 

 Mr. Robertson contends that he is entitled to additional jail credit in his Orange County violation of probation (“VOP”) case for the time he spent in the Hillsborough
 
 *630
 
 County jail from June 25, 2011, to September 21, 2011. Mr. Robertson is not entitled to credit for time served in Hillsborough County because the warrant for the Orange County VOP was not executed until September 27, 2011.
 
 Gethers v. State,
 
 838 So.2d 504, 508 (Fla.2003) (holding that defendant is entitled to credit only after warrant is actually served, and is not entitled to credit merely due to placement of detainer). While a Hillsborough county judge informed Mr. Robertson on June 25, 2011, of the existence of an Orange County arrest warrant for the affidavit of violation of probation, a judge lacks authority to execute a warrant.
 
 See
 
 § 901.04, Fla. Stat. (2011) (directing warrant is executed only by sheriff of county in which arrest is to be made unless arrest is made in fresh pursuit). In fact, Orange County merely placed a detainer with Hillsborough County and the warrant was not executed until Mr. Robertson arrived in Orange County.
 

 Accordingly, the trial court properly denied Mr. Robertson’s claim for additional jail-time credit toward his Orange County sentence. Since Mr. Robertson is not entitled to any additional jail-time credit, he is also not entitled to habeas corpus relief.
 

 AFFIRMED.
 

 TORPY and EVANDER, JJ., concur.