BLACK, Judge.
Kevin P. Wolf appeals the summary denial of his motion for postconvietion relief filed under Florida Rule of Criminal Procedure 8.850. We reverse the postconviction court’s denial and remand for further proceedings.
Wolf was initially placed on probation following a conviction on various offenses in Pasco County. Subsequently, Wolf was arrested in Hernando County on unrelated charges. During the bond process in Her-nando County, Wolf alleged that he was informed by Hernando County officials that their records showed active Pasco County warrants for violation of probation — as well as additional new charges— and that Pasco County had holds on each warrant so that should he proceed with the bond process, he would be extradited there rather than being released outright. Wolf alleged that he terminated the bond process and continued with regular proceedings in Hernando County, at the completion of which he was transferred to Pasco County. Once there, he entered a plea to all Pasco County charges and was sentenced to terms of six years’ imprisonment in all cases.
In his motion, Wolf alleged that his counsel was ineffective for failing to understand that Wolf was to receive credit for all time served in county jail prior to sentencing and transfer to the Department of Corrections (DOC). In support, Wolf claimed that when Hernando County officers announced that Pasco County arrest warrants had been issued, he became legally arrested on those warrants and thus entitled to credit in those cases for his time spent in the Hernando County Jail. He claimed that but for his counsel’s failure to present evidence of this to the court at the appropriate time, he would be serving approximately six months less on each of his Pasco County cases — case numbers 08CF-5220, 08CF-6279, 08CF-6304, 10CF-486, 10CF-638, and 10CF-1059.
The postconvietion court denied Wolfs claim, finding that he failed to establish that he was arrested in the Her-nando County ease at least partially on a Pasco County warrant or was being held in *504 the Hernando County Jail pursuant only to a detainer issued by Pasco County. In support, the court emphasized that Wolf had stated that his arrest in Hernando County was unrelated to the Pasco County cases. The postconviction court is correct in noting that “absent the execution of an arrest warrant, a defendant who is in jail in a specific county pursuant to an arrest on one or more charges need not be given credit for time served in that county on charges in another county when the second county has only lodged a detainer against the defendant.” Gethers v. State, 838 So.2d 504, 505 (Fla.2003). Furthermore, “[o]nly if the prisoner is subject to release but is being held because a detainer has been lodged can it be said that the prisoner is in custody pursuant to the detainer.” Id. at 507.
However, other portions of the court’s order are somewhat confusing, not the least of which is a procedural history that refers to the defendant as “she” and discusses case numbers that do not appear in the heading of Wolfs motion, the post-conviction court’s order, or anywhere on Wolfs DOC record. Furthermore, although the court’s findings clearly address Wolfs motion, the emphasis on Wolfs use of the term unrelated charges is problematic in that the relatedness of the charges at issue is irrelevant to the aforementioned analysis. Under the Gethers standard, the first question would be whether or not Wolf was officially charged with violating his Pasco County probation upon his arrest in Hernando County (or during his time there). If he was not charged, the question would become whether or not he was being held in Her-nando County pursuant to a detainer on the Pasco County cases, without which he would have been subject to release.
Furthermore, Wolf cites additional caselaw in his brief in support of the claim that he became legally arrested on the Pasco County charges when Hernando County officials announced that those warrants had issued. Specifically, “from the time a warrant is transmitted or issued to another county and that county incarcerates the defendant on unrelated charges, that defendant ... is deemed to be in custody on the warrants from both counties and therefore entitled to jail credit on concurrent sentencing.” Travis v. State, 724 So.2d 119, 120 (Fla. 1st DCA 1998). Similarly, when a warrant is transmitted to a sheriff who was already holding a defendant on other charges, “the defendant must be deemed to have been in custody under the warrants from both counties, at least for purposes of entitlement to jail credit on concurrent sentencing.” Pearson v. State, 538 So.2d 1349, 1350 (Fla. 1st DCA 1989). This court subsequently cited to Travis in equating the issuance of a detainer with the transmission of a warrant. See Bryant v. State, 787 So.2d 68, 69 (Fla. 2d DCA 2001), abrogated by Gethers v. State, 838 So.2d 504 (Fla.2003). Gethers then distinguished Travis and abrogated Bryant by explaining that the issuance of a detainer or hold does not have the same effect as the transmission of a warrant. See Gethers, 838 So.2d at 508. However, the concept that the transmission of a warrant amounts to an arrest remains in effect. See id.
Based on the Gethers and Travis line of cases, there appear to be two separate but related analyses under which Wolf could potentially be entitled to relief depending on whether Wolfs Pasco County warrants were either executed or transmitted to Hernando County, or alternatively whether a detainer had been lodged. However, in denying Wolfs motion for postconviction relief, the court failed to adequately address these standards or attach any record in support.
*505 Accordingly, we reverse the postconviction court’s denial and remand for the court to either attach portions of the record conclusively refuting Wolfs claim or hold an evidentiary hearing.
Reversed and remanded.
WALLACE and CRENSHAW, JJ., Concur.