PER CURIAM.
Appellant challenges the summary denial of his motion for jail credit. Because the motion was legally insufficient, the trial court should have given Appellant leave to amend, unless the record conclusively established that Appellant was not entitled to relief. Here, as the trial court observed, the linchpin issue is whether Appellant was held in the Orange County jail on the Citrus County, detainer, after he was entitled to release on Orange County charges. See Gethers v. State, 838 So.2d 504, 507 (Fla.2003) (“Only if the prisoner is subject to release but is being held because a detainer has been lodged can it be said that the prisoner is in custody pursuant to the detainer.”). The record before us does riot conclusively negate this hypothetical assertion.
On remand, Appellant shall be permitted to file an amended motion that fully complies with Florida Rule of Criminal Procedure 3.801, including the information required by rule 3.801(c). Appellant’s motion shall‘also'allege, if it can be done in good faith, that he would have been released on the Orange County charges on a specific date but for the' detainer lodged against him by Citrus County. If a legally sufficient motion is filed, the trial court shall either conduct a' hearing,'grant the relief, or summarily deny the motion. If the relief is summarily denied, the trial court shall attach the portions of the record that conclusively refuté the claim. ’
REVERSED AND REMANDED.
. TORPY, EVANDER and COHEN, JJ., concur., .