NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MICHAEL P. MONROE, JR.,                )
                                       )
          Appellant,                   )
                                       )
v.                                     )          Case No. 2D18-795
                                       )
STATE OF FLORIDA,                      )
                                       )
          Appellee.                    )
_____)

Opinion filed May 3, 2019.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; Neil A. Roddenbery,
Judge.

Michael P. Monroe, Jr., pro se.

Ashley Moody, Attorney General,
Tallahassee, Donna S. Koch, Assistant
Attorney General, Tampa for Appellee.


ROTHSTEIN-YOUAKIM, Judge.

          The postconviction court summarily denied Michael P. Monroe, Jr.'s,

amended motion for prison and jail credit.[1]  We affirm as to the denial of prison credit

_____

          [1]As a request for prison credit, the amended motion is governed by Florida
Rule of Criminal Procedure 3.800(a); as a request for jail credit, it is governed by rule
3.801.  See Bolduc v. State, 251 So. 3d 314, 315 (Fla. 2d DCA 2018).

but reverse for the postconviction court to further review Monroe's request for jail credit and to grant him additional credit, attach copies of the portions of the court records or files that support the denial of his request, or conduct an evidentiary hearing.

Monroe was arrested for a criminal offense in Hillsborough County in April 2016 and detained in jail. At the time, he was subject to two orders of probation for earlier offenses committed in Hillsborough and Polk Counties. In his amended motion for prison and jail credit, Monroe asserted that while in the Hillsborough County jail, he had been served with a "warrantless arrest affidavit" or "detainer" from Polk County. He further asserted that in September 2016, he had been sentenced to fifteen months in state prison on the Hillsborough County cases. He asserted that while he was in prison, the Polk County authorities had issued another "warrantless arrest affidavit."

Upon his release from prison, Monroe was sent to the Polk County jail, and, in June 2017, he admitted the Polk County violation of probation (VOP) in exchange for a three-year prison sentence. The snap-out "memo of sentence" reflected that he was to be given "credit for t[ime] s[erved] in Hillsborough County for arrest in this VOP (if any)," but the memo did not specify the number of days of credit. On October 17, 2017, however, the Department of Corrections (DOC), in response to an inquiry by Monroe, indicated that DOC had credited him with 340 days of jail credit. Although the DOC's response did not indicate the range or ranges of dates encompassed within that 340-day figure, Monroe's amended motion identified three separate periods during which he assertedly had been in jail, and those periods add up to 340 days.

Those periods do not include time that Monroe spent in prison on the Hillsborough County cases or time that he spent in the Polk County jail between his

release from prison on the Hillsborough County cases and his sentence to prison on the Polk County VOP. In his amended motion, Monroe requested an additional 254 days of prison and jail credit for that entire period, which ran from September 27, 2016, to June 7, 2017.[2] The postconviction court denied the motion, ruling that the case law on which Monroe relied had been superseded and that he was not entitled to additional credit.

The postconviction court correctly concluded that Monroe was not entitled to credit against his Polk County sentence for the time that he had spent in prison on the Hillsborough County cases because, according to Monroe's own assertion, Polk County had issued only a detainer, not an arrest warrant. See Norman v. State, 900 So. 2d 702, 703 (Fla. 2d DCA 2005) ("When a detainer has been issued against a prisoner, generally the prisoner will not be entitled to prison credit in the case with the detainer when he is sentenced in that case following the completion of the sentence he is currently serving. See Gethers v. State, 838 So. 2d 504, 508 (Fla. 2003). On the other hand, if an arrest warrant is transmitted and a prisoner is arrested under the authority of that warrant, the prisoner may be entitled to credit because he is being held on both charges. [Id.] at 507."). We therefore affirm the postconviction court's denial of Monroe's request for prison credit.

It does not appear, however, that the postconviction court accounted for the portion of the requested 254 days that Monroe had spent in the Polk County jail after his release from prison on the Hillsborough County cases but before he was sentenced to prison on the Polk County VOP. Monroe is entitled to credit for that

---

[2]Based on Monroe's assertion in his original motion for prison and jail credit, which the postconviction court dismissed with leave to amend, he appears to have been transported from prison to the Polk County jail on May 5, 2017.

period, assuming that it is not already incorporated into the 340 days of credit that he has been granted.  See § 921.161(1), Fla. Stat. (2016) ("[T]he court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence.").  Because the postconviction court failed to attach copies of portions of court records or files to refute this component of Monroe's claim, we cannot determine what, if any, jail credit he may be entitled to.  We therefore reverse the postconviction court's denial of Monroe's claim as it pertains to jail credit.  On remand, the court may grant the additional credit, attach portions of the record that conclusively refute his clam, or conduct an evidentiary hearing to resolve the issue.  The trial court may also consider requiring the State to respond to the motion.  See Fla. R. Crim. P. 3.801(e) (incorporating rule 3.850(f)).

Affirmed in part; reversed in part; remanded.


LaROSE, C.J., and BLACK, J., Concur.