# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

————————————————————

Case No. 6D2024-0570
Lower Tribunal No. CF20-002242-XX

————————————————————

LUS DARY DE SOUZA,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

————————————————————

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court for Polk County.
Dana Y. Moore, Judge.

December 20, 2024

PER CURIAM.

Lus Dary De Souza appeals the partial denial of her amended motion for correction of jail time credit filed under Florida Rule of Criminal Procedure 3.801, alleging that she should have been awarded 35 days credit for the time she spent in Indian River County jail pursuant to a warrant for her arrest in this case pending in Polk County.[1] Finding that De Souza was facing separate and unrelated charges in Indian River County, Florida, the

_____

[1] De Souza also alleged below that she was entitled to credit for time served in Dade County jail, which the postconviction court granted and is not at issue in this appeal.

postconviction court denied her motion, but attached to its order only the amended motion itself and her exhibit. Because the records attached to the postconviction court's order do not conclusively refute De Souza's claim, we reverse and remand for further proceedings.

Issues involving credit for time served are reviewed de novo. *Moore v. State*, 882 So. 2d 977, 980 (Fla. 2004). "[A] defendant who is held on multiple offenses is entitled to jail credit from the date of arrest on a foreign county's warrant only where concurrent sentences are imposed or where the foreign county's warrant is the sole basis for the defendant's incarceration." *Ransone v. State*, 20 So. 3d 445, 449 (Fla. 4th DCA 2009) (citing *Daniels v. State*, 491 So. 2d 543, 545 (Fla. 1986)). If the defendant is not arrested on the foreign county's warrant, she is not entitled to additional jail time credit. *See Gethers v. State*, 798 So. 2d 829 (Fla. 4th DCA 2001) (holding that defendant was not entitled to credit for time served in foreign county jail where his arrest warrant for St. Lucie County charges was not executed and he was held on multiple charges for different counties), *approved*, 838 So. 2d 504 (Fla. 2003).

In her initial brief, De Souza claims that she was in custody in the Indian River County Jail pursuant to her Polk County warrant and therefore, is entitled to jail credit in this case. In response, the State points to a lower court progress docket which contains information about when De Souza's Polk County warrant was served but which was not attached to the postconviction court's order. As "Florida Rule of Criminal Procedure 3.801(e) . . . require[s] the postconviction court to attach to its order records that

conclusively refute [the defendant's] claims," we cannot, despite the State's request, affirm on this ground and must instead reverse and remand for further proceedings, which may include the postconviction courts summarily denying the motion provided the records attached satisfy the rule. *McDonald v. State*, 300 So. 3d 1286, 1287 (Fla. 5th DCA 2020) (quoting *Gibbs v. State*, 175 So. 3d 915, 918 (Fla. 2d DCA 2015)).

REVERSED and REMANDED.

NARDELLA, WHITE and GANNAM, JJ., concur.

Lus Dary De Souza, Quincy, pro se.

Ashley Moody, Attorney General, Tallahassee, and David Campbell and Laura Dempsey, Assistant Attorneys General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF TIMELY FILED