# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-0128
Lower Tribunal No. 2016-CF-015766-A-O

_____

TYREIK J. SMITH,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court for Orange County.
Wayne C. Wooten, Judge.

January 16, 2026

BROWNLEE, J.

Tyreik J. Smith appeals the trial court's order summarily denying his amended motion for correction of jail credit. Because the records attached to that order conclusively refute Smith's claim, we affirm.

On December 14, 2017, Smith pled no contest to Sexual Battery (Defendant Younger Than 18) in Orange County. The trial court adjudicated him guilty and sentenced Smith to three years in prison, followed by five years of probation.

On April 19, 2020, Smith was arrested in Brevard County on new charges. He was given an "on-site" violation of probation and taken to the Brevard County jail. On May 4, 2020, a circuit judge in Orange County signed an arrest warrant for that violation of probation, but the record reveals the Orange County warrant was not immediately executed.

Smith remained in the Brevard County jail until March 21, 2021, when he was transferred to the custody of the Department of Corrections. He remained in DOC custody until October 21, 2021, when he arrived in Orange County to resolve the violation of probation. Upon his arrival, the Orange County warrant was finally executed. Smith eventually admitted to the violations of probation, and the trial court revoked and terminated his probation and sentenced Smith to a term of incarceration.

Smith later filed a timely motion for jail credit, which he amended twice. The latest iteration argued he is entitled to an additional 547 days of jail credit for his time spent in Brevard County on the Orange County hold. Smith noted that the Orange County warrant was signed on May 4, 2020, and that he would have been released from Brevard County but for the Orange County hold.

The trial court summarily denied Smith's motion. It cited *Gethers v. State*, 838 So. 2d 504 (Fla. 2003), and explained that, although Orange County may have placed a hold or detainer on Smith in Brevard County, the Orange County arrest warrant was not executed until October 21, 2021, when Smith arrived at the Orange

2

County jail. The trial court next found that Smith's sentencing order in the Orange County case showed he stipulated to 180 days' time served.[1]

Smith now appeals that summary denial.[2] We review issues involving credit for time served de novo, and we affirm the trial court's order. *See De Souza v. State*, 399 So. 3d 1220, 1221 (Fla. 6th DCA 2024) (citations omitted).

Florida law instructs that the "court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence." § 921.161(1), Fla. Stat. While the language of the statute is simple and clear, its application can be more complicated. For example, in *Gethers*, the Florida Supreme Court clarified "that absent the execution of an arrest warrant, a defendant who is in jail in a specific county pursuant to an arrest on one or more charges need not be given credit for time served in that county on charges in another county when the second county has only lodged a detainer against the defendant." *Gethers*, 838 So. 2d at 505.

Gethers was incarcerated in Broward County when a judge in St. Lucie County issued a bench warrant for his arrest. *Id.* St. Lucie County directed Broward County officials to "place a hold" on Gethers. *Id.* Gethers eventually entered a plea

---

[1] Because we agree with the trial court that, under *Gethers*, Smith is not entitled to credit for time served in Brevard County, we need not consider the effect that stipulation may have on Smith's claim.

[2] Smith declined to file an initial brief in this case. *See* Fla. R. App. P. 9.141(b)(2)(C)(i).

to the St. Lucie charges and requested credit for time served in Broward County. *Id.* at 506. But because the St. Lucie County bench warrant was never executed, and because Gethers was only held in Broward County on a detainer, the trial court denied his request and awarded Gethers credit for time served only in the St. Lucie County jail. *Id.* Gethers filed a motion to correct sentence, which the trial court denied. *Id.* Gethers appealed that ruling, and the Fourth District affirmed. *Id.*

On review, the Florida Supreme Court explained the difference between an executed warrant and a detainer or hold: "An arrest warrant is a formal, definitive, and mandatory document, whereas the detainer is the transmission of information and a request to hold a person or notify the requesting authority of the prisoner's imminent release." *Id.* at 507. It then explained that, unlike a situation where a warrant has been executed or transmitted to another county, where one county only issues a detainer or hold, "no jail credit need be awarded by the second county for time served in the first county for the period during which the detainer or hold is lodged."[3] *Id.* at 508.

*Gethers* disposes of Smith's claim. While Smith sought additional credit for time spent in the Brevard County jail, his motion alleged Orange County placed a

---

[3] The Florida Supreme Court set forth the following exception to the rule regarding mere detainers: "Only if the prisoner is subject to release but is being held because a detainer has been lodged can it be said that the prisoner is in custody pursuant to the detainer." *Id.* at 507.

"hold" on him in Brevard County. But *Gethers* instructs that a mere hold is insufficient to trigger Smith's entitlement to credit for time served on the Brevard County charges, because a hold or a detainer[4] is quite different from an executed or transmitted arrest warrant. *See id.*; *see also Monroe v. State*, 270 So. 3d 513, 514–15 (Fla. 2d DCA 2019) ("The postconviction court correctly concluded that Monroe was not entitled to credit against his Polk County sentence for the time that he had spent in prison on the Hillsborough County cases because, according to Monroe's own assertion, Polk County had issued only a detainer, not an arrest warrant.") (citations omitted).

Smith further argued that "[d]ue to the VOP hold, Orange County signed an arrest warrant on May 5th, 2020." While Smith is correct that the Orange County arrest warrant was *signed* on May 4, 2020, it was not actually *executed* until October 21, 2021, after the Brevard County charges were resolved, and after Smith returned to Orange County from serving time in DOC. *See Cooper v. State*, 967 So. 2d 928, 929 (Fla. 1st DCA 2007) ("[A]ppellant is not entitled to credit for time served in Broward County because the warrant for VOP was not executed until September 8, 2006." (citing *Gethers*, 838 So. 2d at 505)).

---

[4] Smith's motion did not allege that Orange County "transmitted" its warrant to Brevard County.

Finally, although Smith alleged he was only held in Brevard County on the Orange County charges, which may have excepted him from the rule in *Gethers*, his own motion refuted that assertion. In his motion, Smith admitted he had other charges pending from April 19, 2020, to March 21, 2021, while he was in custody at the Brevard County jail. *See Schiedenhelm v. State*, 325 So. 3d 303, 305 (Fla. 5th DCA 2021) ("Florida Rule of Criminal Procedure 3.801(c)(4) requires movants to disclose the existence of other criminal charges pending during their incarceration and the resolution of those charges. This information allows postconviction courts to determine whether the detainer exception outlined in *Gethers* applies."). Thus, despite his allegation, Smith was not solely in custody pursuant to the detainer. He was in custody in Brevard County on the Brevard County charges.

Because the records attached to the trial court's order refute Smith's claim that he is entitled to an additional 547 days' credit for time served in Brevard County, we affirm.

AFFIRMED.

NARDELLA and SMITH, JJ., concur.

Tyreik J. Smith, Cross City, pro se.

No Appearance for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF TIMELY FILED