FULMER, Acting Chief Judge.
Emmanuel Jasmin challenges the trial court’s order denying his motion for jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Jasmin sought jail credit on two trial court cases. We affirm, without comment, the trial court’s order as it relates to trial court case number 99-1857,[1] but we reverse that *313 portion of the order that denies Jasmin’s claim that he is entitled to additional jail credit in trial court case number 99-1907.
The trial court found that Jasmin was never sentenced in case number 99-1907 and, thus, was not entitled to jail credit in that case. However, the trial court failed to provide any record attachments in support of this finding. On remand, if the trial court again denies Jasmin’s claim regarding case number 99-1907, it shall attach those portions of the record that refute the claim. See McPherson v. State, 750 So.2d 125 (Fla. 2d DCA 2000).
Affirmed in part, reversed in part, and remanded for further proceedings.
NORTHCUTT and CASANUEVA, JJ., concur.

. We note that if Jasmin has any grounds to dispute the accuracy of the sheriff's jail log, he may seek relief pursuant to a timely, facially sufficient motion filed under Florida Rule of Criminal Procedure 3.850. See Rodriguez v. State, 788 So.2d 1108 (Fla. 2d DCA 2001). Furthermore, any claim that the Department of Corrections is not providing Jasmin with the full amount of credit awarded by the trial court must first be presented to the Depart *313 ment through administrative proceedings and, if necessary, by a petition for writ of mandamus in the circuit court in the county in which Jasmin is being housed. See Wood-son v. State, 765 So.2d 836 (Fla. 2d DCA 2000); Killings v. State, 567 So.2d 60 (Fla. 4th DCA 1990).