CASANUEVA, Judge.
Scott Toto appeals the summary denial of his motion for additional credit for time served pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm in part, reverse in part, and remand.
On September 30, 1999, Toto pleaded no contest to burglary and petit theft in Polk County case number CF 99-03752. Toto was sentenced to two years’ community control for the burglary consecutive to sixty days in the county jail for the petit theft. On October 19, 2000, an affidavit alleging violation of probation was filed for case numbers CF 98-04258 and 99-03752. At that time Toto was incarcerated in the Pinellas County jail on an unrelated charge and remained there until November 22, 2000, when he was arrested on the Polk County probation violations. On December 7, 2000, Toto was sentenced to concurrent sentences of 32.8 months in prison for his probation violations on 98-04258 and 99-03752.
Toto first claims that he should be awarded thirty-four days’ credit against the sentences in case numbers 98-04258 and 99-03752 for time served in the Pinel-las County jail. Toto’s claim is facially insufficient for two reasons. First, although Toto would be entitled to credit for time served in another county from the date a detainer was placed on him, even if he was not officially arrested, Bryant v. State, 787 So.2d 68 (Fla. 2d DCA 2001), he has failed to allege that a detainer was placed on him for these cases while he was incarcerated in Pinellas County. Second, Toto has failed to allege that the court records demonstrate on their face entitlement to relief. Deese v. State, 782 So.2d 488 (Fla. 2d DCA 2001). Therefore, we affirm the trial court’s order on this claim without prejudice to any right Toto might have to file a facially sufficient rule 3.800(a) motion or a timely motion pursuant to rule 3.850 in the event that factual issues preclude raising this claim pursuant to rule 3.800(a). Hamilton v. State, 752 So.2d 133 (Fla. 2d DCA 2000).
Toto also argues that he should be awarded seventy-four days’ credit (for case number 99-03752) for the time he served in the Polk County jail after he was sentenced on the petit theft. The trial court *966 denied this claim, reasoning that Toto was not entitled to credit for time spent in jail after he had been sentenced. However, we believe that Toto may be entitled to an additional sixty days’ credit.
When a trial court imposes probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense. Tripp v. State, 622 So.2d 941, 942 (Fla.1993). Using a single scoresheet, the court sentenced Toto to probation on the burglary conviction consecutive to sixty days of incarceration on the petit theft conviction. Toto is thus entitled to sixty days’ credit on the sentence imposed after he violated probation on the burglary. Id.
The record does not conclusively refute Toto’s claim that he was not awarded credit for this time. We therefore reverse as to this claim. On remand, the trial court must either award Toto this credit or attach record documents showing that Toto has already received this credit.
Affirmed in part, reversed in part, and remanded.
ALTENBERND, A.C.J., and NORTHCUTT, J., Concur.