816 So.2d 819 (2002)
Harry J. KEENE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-5111.
District Court of Appeal of Florida, Second District.
May 17, 2002.
CASANUEVA, Judge.
Harry J. Keene challenges the order of the trial court denying his motion for presentencing credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for further proceedings.
Keene alleged that he was entitled to credit against his prison sentence in the present case from the date a detainer was placed on him while he was serving a different sentence in Florida State Prison. The trial court found that the claim was facially insufficient; however, Keene alleged that the Highlands County detainer was placed on him while in prison, and he even provided the date the detainer was lodged. Keene further alleged that the claim was determinable from a review of the trial court records. Keene has thus *820 presented a facially sufficient claim for relief. See Toto v. State, 805 So.2d 964 (Fla. 2d DCA 2001).
The trial court also denied the motion on the merits, correctly finding that Bryant v. State, 787 So.2d 68 (Fla. 2d DCA 2001), only applied to individuals being held in county jail pursuant to a detainer from another county. However, in the interests of consistency and fairness, we now apply Bryant to situations where an individual has a detainer lodged against him for new charges or a violation of probation while he is incarcerated in state prison.[1] We therefore reverse and remand for further proceedings consistent with this opinion. We note that if the trial court record is silent as to when the detainer was lodged, the claim may not be resolved pursuant to rule 3.800(a) because it cannot be determined from the face of the record. If such is the case, Keene may present his claim in a timely, facially sufficient motion filed pursuant to Florida Rule of Criminal Procedure 3.850. See Bryant, 787 So.2d 68.
Because the resolution of this case is premised upon the reasoning in Bryant, which is presently before our supreme court, we certify conflict with Tatum v. State, 811 So.2d 849 (Fla. 3d DCA 2002).
Reversed and remanded.
WHATLEY and SALCINES, JJ., concur.
NOTES
[1] If this were not the case, a detainer based on a violation of probation from one county could be lodged against a defendant who is in prison on the charges from another county. If he were not arrested on the violation of probation until he finished his prison sentence, he would be entitled to credit only from the date of the arrest.