817 So.2d 1016 (2002)
Paul WIGGINS III, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-164.
District Court of Appeal of Florida, Second District.
May 31, 2002.
COVINGTON, Judge.
Paul Wiggins challenges the order of the trial court summarily denying his motion for postconviction relief. Wiggins filed his motion pursuant to Florida Rule of Criminal Procedure 3.850; however, because the motion raised issues relating to the legality of Wiggins' sentences and also sought an award of prison and jail credit, the trial court treated the motion as filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm without comment the denial of all but one of the grounds in Wiggins' motion, and we reverse that portion of the order denying Wiggins' prison credit claim and remand for an award of prison credit.
*1017 In October 1990, Wiggins was sentenced on each of two counts to five and one-half years in prison followed by two years' probation. Those sentences were to be served concurrently. According to Wiggins' motion and the trial court's order, after his release from prison in 1991, he was arrested and sentenced to prison on a new offense, thereby violating his probation. The attachments to the trial court's order show that in March 2000 Wiggins was sentenced to ten years' imprisonment concurrent on each count on the violation of probation.
Wiggins requested "credit for all time previously served in prison and county jail." The trial court stated in its order that it had awarded Wiggins credit for all time served. However, in the written sentences filed upon revocation of probation, the box awarding credit for time previously served in prison was left blank. Wiggins' claim is cognizable in a rule 3.800(a) motion, and he is entitled to credit against the sentences imposed upon revocation of probation for the time he spent in prison on the two counts prior to his release on probation. See Downing v. State, 779 So.2d 562 (Fla. 2d DCA 2001). We therefore reverse the trial court's order as it relates to Wiggins' prison credit claim and remand with instructions to the trial court to correct the sentences to reflect that Wiggins is entitled to prison credit.[1]See id.
Wiggins' jail credit claim is facially insufficient because he neither alleges the amount of credit to which he is entitled nor the dates of his confinement in the county jail. Furthermore, the written sentences show that Wiggins was awarded 109 days' jail credit for the time he spent in county jail prior to sentencing on the revocation of probation. However, if Polk County placed a detainer on Wiggins on these counts while he was serving a sentence in state prison on another case, Wiggins would be entitled to credit against the prison sentences imposed upon revocation of probation from the date the detainer was lodged with the Department of Corrections. See Keene v. State, 816 So.2d 819 (Fla. 2d DCA 2002). We therefore affirm the denial of Wiggins' jail credit claim. Our affirmance is without prejudice to any right Wiggins might have to file a facially sufficient rule 3.800(a) motion or a timely, facially sufficient rule 3.850 motion seeking jail credit from the date a detainer was placed on him while he was serving a different prison sentence.
Affirmed in part, reversed in part, and remanded.
BLUE, C.J., and SILBERMAN, J., concur.
NOTES
[1] We note that because Wiggins' offense occurred after October 1, 1989, unless the trial court states in the written sentences that Wiggins' gain time is retained, it is automatically forfeited. Eldridge v. Moore, 760 So.2d 888 (Fla.2000).