826 So.2d 1063 (2002)
Orlando PIZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4069.
District Court of Appeal of Florida, Second District.
September 27, 2002.
ALTENBERND, Judge.
Orlando Piz appeals the order summarily denying his motion for discharge filed pursuant to Florida Rule of Criminal Procedure 3.191. We convert the appeal to a petition for writ of prohibition and deny it. Mr. Piz asks this court to direct the trial court to dismiss the detainer lodged against him for a violation of probation because the State has failed to bring him to hearing on the violation of probation for more than five years. Because we conclude that the trial court continues to have jurisdiction to hear the violation of probation, we deny the petition.
Mr. Piz was sentenced to probation on two third-degree felonies in January 1992 in Glades County. While on probation, he was convicted and sentenced to prison on an unrelated charge in Dade County. Mr. Piz arrived in prison on August 30, 1995, to begin serving that sentence. A detainer was placed on him on September 1, 1995, from Glades County for violating his probation there. In August 2000 he filed a motion with Glades County to dispose of the violation of probation. That motion was denied. He then filed the instant motion seeking discharge pursuant to the speedy trial rule.
The speedy trial rule is inapplicable to violations of probation, see Gonzalez v. State, 447 So.2d 381 (Fla. 3d DCA 1984), and therefore affords Mr. Piz no relief. We note, however, that pursuant to our recent decision in Keene v. State, 816 So.2d 819 (Fla. 2d DCA 2002), Mr. Piz will be entitled to credit for time served since the filing of the detainer against any sentence *1064 imposed on the violation of probation. Mr. Piz has thus already served the statutory maximum on those cases. We conclude however that this fact does not entitle Mr. Piz to have either the violation of probation affidavit or the detainer dismissed. The State still has the right to pursue the violation of probation and the trial court retains jurisdiction to hear the violation.
We therefore deny the petition with prejudice.
CASANUEVA and STRINGER, JJ., Concur.