837 So.2d 528 (2003)
Robert L. DORMINEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-4342.
District Court of Appeal of Florida, Second District.
February 7, 2003.
NORTHCUTT, Judge.
Robert L. Dorminey appeals the summary denial of his motion to correct illegal *529 sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion, Dorminey raises three claims. We affirm the denial of claim one, but we reverse and remand as to the remaining two claims.
In 1991, Dorminey was sentenced as a habitual felony offender to a split sentence of five years in prison followed by five years' probation on a charge of grand theft of a motor vehicle. After serving the prison portion of the sentence, Dorminey was placed on probation. He subsequently violated the probation and was sentenced to one year and one day in prison with jail credit for 161 days.
Dorminey first claims that the time he served on probation must be credited toward his violation of probation sentence. The circuit court correctly denied this claim because credit for time served on the probation portion of a split sentence cannot be applied against a new prison sentence imposed on the violation of probation. See Young v. State, 697 So.2d 75 (Fla.1997). Accordingly, we affirm the denial of this claim.
Dorminey also seeks credit for the time he served on the prison portion of the split sentence. He contends he would be entitled to immediate release if awarded the proper amount of prison credit. The circuit court stated that such a claim is not within its province. We disagree. Claims for prison credit are cognizable under rule 3.800(a). See Wiggins v. State, 817 So.2d 1016 (Fla. 2d DCA 2002). Therefore, we reverse and remand for the circuit court to expeditiously consider Dorminey's claim for prison credit.
Last, Dorminey claims that he is entitled to additional jail credit because he was arrested on the Hillsborough County violation of probation warrant on March 6, 2002, in Duval County. The trial court recites an arrest date of April 4, 2002, and attaches records from Hillsborough County but fails to address Dorminey's claim regarding the arrest in Duval County. Therefore, we reverse and remand for consideration of this claim in light of the Florida Supreme Court's decision in Gethers v. State, 28 Fla. L. Weekly S44 (Fla. Jan. 16, 2003).
In his initial brief on appeal, Dorminey raises several claims that were not raised in his motion to the circuit court. We decline to address them. However, our affirmance is without prejudice to any right Dorminey may have to raise these claims in a facially sufficient rule 3.800(a) motion.
Affirmed in part, reversed in part, and remanded.
FULMER and DAVIS, JJ., Concur.