SALCINES, Judge.
Paul Wiggins, III, appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.
On May 31, 2002, this court issued an opinion in Wiggins v. State, 817 So.2d 1016, 1017 (Fla. 2d DCA 2002), in which we affirmed the denial of Wiggins’ previous jail credit claim “without prejudice to any right [he] might have to file a facially sufficient rule 3.800(a) motion ... seeking jail credit from the date a detainer was placed on him while he was serving a different prison sentence.” See Keene v. State, 816 So.2d 819 (Fla. 2d DCA 2002). At the time of this court’s opinion, Wiggins would have been entitled to relief. Wiggins subsequently filed a rule 3.800(a) motion on November 14, 2002. On January 16, 2003, the Florida Supreme Court issued an opinion in Gathers v. State, 838 So.2d 504, 508 (Fla.2003), holding that “no jail credit need be awarded by the second county for time served in the first county for the period during which the detainer or hold is lodged.” This then became the controlling law in Florida. As a result of the holding in Gathers, the circuit court correctly denied Wiggins’ motion on January 30, 2003. Accordingly, we affirm the circuit court’s denial of Wiggins’ motion.
Affirmed.
COVINGTON and KELLY, JJ, Concur.