932 So.2d 300 (2006)
Kevin L. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-2378.
District Court of Appeal of Florida, Second District.
January 11, 2006.
CASANUEVA, Judge.
Kevin L. Johnson appeals the order denying his motion for jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse the trial court's order as it relates to circuit court case number 03-CF-012696, affirm that portion of the order denying the award of jail credit in circuit court case number 03-CF-014214, and remand for further proceedings.
On July 27, 2003, Johnson was arrested in 03-CF-012696. On December 4, 2003, he was sentenced to the Department of Corrections in a separate case (case number 01-CF-015078). On February 23, 2004, he was arrested for possession of cocaine in 03-CF-014214 and transported from the Department of Corrections to Hillsborough County Jail for sentencing in 03-CF-012696 and 03-CF-014214. At sentencing on February 24, 2004, the trial *301 court awarded him 153 days' jail credit in 03-CF-012696 and three days' jail credit in 03-CF-014214.
In his motion, Johnson claims he is entitled to additional jail credit in both 03-CF-012696 and 03-CF-014214 for the time he served in jail or prison from his arrest on July 27, 2003, until his sentencing in both cases on February 24, 2004. In Keene v. State, 816 So.2d 819 (Fla. 2d DCA 2002), this court held that a defendant who is serving a prison sentence is entitled to jail credit from the date the detainer on a new charge or a violation of probation is lodged against him while he is in prison. Keene relied on Bryant v. State, 787 So.2d 68 (Fla. 2d DCA 2001). Bryant was abrogated by Gethers v. State, 838 So.2d 504 (Fla.2003), and a defendant is now entitled to credit only from the date he is arrested on the new charge and not from the date of the detainer. This does not affect our decision in Keene that a defendant may be entitled to jail credit while he is serving a prison sentence on another charge.
In this case, Johnson was arrested in 03-CF-012696 prior to being sent to prison in 01-CF-015078. Thus, Johnson is entitled to credit in 03-CF-012696 for the time he served in prison in 01-CF-015078 prior to his sentencing in 03-CF-012696. Therefore, we reverse the trial court's order and remand with directions to award Johnson jail credit for the time he served in prison prior to sentencing in 03-CF-012696.
However, because the sheriff's jail log indicates that Johnson was arrested in 03-CF-014214 on February 23, 2004, he is not entitled to any additional credit in that case. Johnson's claim that the sheriff's jail log is inaccurate may be raised pursuant to a timely, facially sufficient motion filed under Florida Rule of Criminal Procedure 3.850. See Jasmin v. State, 799 So.2d 312, 312 n. 1 (Fla. 2d DCA 2001).
Affirmed in part, reversed in part, and remanded.
SALCINES and VILLANTI, JJ., Concur.