MONACO, J.
 

 We once again confront the subject of jail credit. Here, we reverse the order denying relief and remand for the trial court to reconsider the issue.
 

 The appellant, Katie Suzanne Williams, appeals the denial of her rule 3.800(a) motion in which she seeks additional jail credit to be applied to her incarcerative sentence. The trial court in considering the motion found that Ms. Williams was initially arrested and held in the Marion County Jail on June 10, 2008, for possession of cocaine, and was released upon being placed on probation on July 30, 2008. She was properly credited with 51 days time served for this interval. Ms. Williams was later taken into custody in Seminole County on August 11, 2008, and was transported to Marion County on September 10, 2008. Her claim to an entitlement to credit for this 30 day interval in Seminole County is the period that is disputed.
 

 The trial court in denying 3.800(a) relief concluded that Ms. Williams had been arrested in Seminole County in August on another charge, but was not arrested pursuant to a bench warrant for the violation of her probation until she was returned to Marion County on September 10th. The trial court understandably found that Ms. Williams received all the jail credit to which she was entitled, evidently viewing her detention in Seminole County as being based solely on the Seminole County charge. More specifically, the trial court was apparently under the impression that Ms. Williams had only a detainer placed upon her by Marion County while she was residing in the Seminole County Jail, and thus would not be entitled to jail credit until she was actually arrested for violating her probation.
 
 See Johnson v. State,
 
 932 So.2d 300 (Fla. 2d DCA 2006).
 

 Our concerns regarding this disposition arise because attached to her “motion to correct credit served” is a Seminole County Sheriffs form that reflects that although on August 7, 2008, Ms. Williams was initially arrested for possession of narcotics equipment in Seminole County, she was also arrested there on August 11, 2008, on the charge of violating the probation imposed by Marion County, as well. The document attached to her motion indicates that when it was determined by the authorities in Seminole County that she was on probation, “an additional charge of Violation of Probation (warrantless) [was] added.”
 
 [1]
 

 Although a jail credit claim may be raised by use of a 3.800(a) motion to correct sentence, the movant must demonstrate that the record shows an entitlement to additional jail credit, as well as a sentence that fails to grant such credit.
 
 See State v. Mancino,
 
 714 So.2d 429 (Fla. 1998). Here, the document appears to
 
 *730
 
 show on its face that Ms. Williams was arrested without a warrant in Seminole County on the charge of violating the probation imposed upon her by the Circuit Court in Marion County. Because the trial court may have overlooked this reference in the booking document to her “arrest” for violating probation, we reverse the order denying rule 3.800(a) relief, and remand to the trial court for reconsideration of this issue.
 

 REVERSED and REMANDED.
 

 PALMER, C.J. and EVANDER, J., concur.
 

 [1]
 

 . Section 948.06(l)(a), Florida Statutes, authorizes any law enforcement officer who is aware of the probationary status of a probationer and who has reasonable grounds to believe that the probationer has violated his or her probation in a material respect may “arrest” that person without a warrant.