PER CURIAM.
 

 Jaime L. Perez appeals the denial of his motion for additional jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the record demonstrates that Perez may be entitled to additional jail credit, we reverse.
 

 While Perez was serving drug offender probation imposed in an Orange County case, he was arrested in Volusia County on unrelated charges and for violating the probation imposed in Orange County. Perez alleged that he remained in the Vo-lusia County Jail for a total of 285 days before being transferred to Orange County for resolution of the VOP charge. The Orange County court revoked Perez’s probation and sentenced him to 36 months in prison. The trial court, however, only awarded Perez jail credit for 58 days.
 

 Perez filed a rule 3.800(a) motion seeking additional jail credit. A jail credit claim may be raised pursuant to rule 3.800(a) if the record shows an entitlement to additional credit.
 
 See State v. Mancino,
 
 714 So.2d 429 (Fla.1998). The record shows on its face that Perez was arrested without a warrant in Volusia County on the charge of violating the drug offender probation imposed in Orange County.
 
 [1]
 
 Al
 
 *1153
 
 though a VOP warrant is the normal procedure for arresting a probationer, Perez was arrested for violating probation without a warrant, and therefore was held in custody pursuant to that arrest. If he was not sentenced on the Volusia County charges or if his sentence in Orange County was ordered to be served concurrently with the Volusia County sentence, he would be entitled to jail credit for the time held in Volusia County.
 
 See Elkins v. State,
 
 884 So.2d 499 (Fla. 5th DCA 2004).
 

 As we did in
 
 Williams v. State,
 
 4 So.3d 728 (Fla. 5th DCA 2009), we reverse the order denying Perez’s rule 8.800(a) motion and remand to the trial court to reconsider this issue.
 

 REVERSED and REMANDED.
 

 PALMER, C.J., TORPY and EVANDER, JJ., concur.
 

 [1]
 

 . Section 948.06(l)(a), Florida Statutes, authorizes any law enforcement officer who is aware of the probationary status of a probationer and who has reasonable grounds to believe that the probationer has violated his or her probation in a material respect to arrest that person without a warrant.