TORPY, J.
 

 Appellant seeks an additional 122 days of jail credit for the period of time that he spent in the Seminole County jail before being transferred to Orange County for sentencing in a violation of probation proceeding. Appellant sought the additional jail credit by filing a rule 3.800 motion. In his motion, he alleged all the details of his confinement dates, which he contended appeared on the face of the records, copies of which were attached to his motion. Indeed, if the records are authentic, they reveal that he was arrested for domestic battery (occurring in Seminole County) and violation of probation (the Orange County charge for which he was sentenced) on the same day, November 7, 2007. It also appears that he was held continuously in jail on the VOP until he was sentenced, but he was not credited for the time he spent in the Seminole County jail on that charge.
 
 See Williams v. State,
 
 4 So.3d 728, 729-30 (Fla. 5th DCA 2009). With the limited record we have, we are unable to conclusively verify that the face of the record supports Appellant’s claim, but it appears to have merit. Unfortunately, the trial judge summarily denied the motion without providing her reasoning. On remand, we instruct the trial court to adequately refute the claim if it is without merit.
 
 Cheatum v. State,
 
 992 So.2d 877, 878 (Fla. 5th DCA 2008).
 

 Appellant alleges in this appeal that his sentence is nearing completion if the proper jail credit is awarded. Hopefully, on remand the trial judge can and will get to the bottom of this issue in an expeditious manner so that Appellant will not be prejudiced by the alleged error.
 

 REVERSED AND REMANDED.
 

 SAWAYA and COHEN, JJ., concur.