SILBERMAN, Judge.
 

 Robert Parsons filed a motion pursuant to -Florida Rule of Criminal Procedure 3.800(a) alleging that he had not been awarded sufficient jail credit after he was arrested without a warrant in Highlands County for a violation of his Polk County probation (VOP). Because the postconviction court’s order and attachment do not conclusively refute Parsons’ allegations, we reverse and remand.
 

 Parsons attached documents to his motion demonstrating that he was stopped by Highlands County sheriffs deputies and arrested for driving under the influence at approximately 2:30 a.m. on September 14, 2008. At that time, the investigating deputy also arrested him for violating the curfew condition of his probation.
 
 [1]
 
 The booking report demonstrates that Parsons was held in the Highlands County jail on the VOP with no bond. When Parsons was ultimately sentenced in Polk County for the probation violation on December 5, 2008, he was awarded an unspecified amount of credit for the time spent in the Highlands County jail. According to his 3.800(a) motion, however, he did not actually receive all of the credit he was due from the date of his warrantless arrest in Highlands County.
 

 In denying Parsons’ motion for additional jail credit, the postconviction court attached a copy of an arrest warrant that appears to relate to a 2007 probation violation rather than the 2008 warrantless arrest and subsequent incarceration for which Parsons claims credit. This attachment does not conclusively refute Parsons’ allegation; therefore, we reverse and remand for reconsideration of the motion. If the postconviction court again enters an order summarily denying the motion, it must attach documents conclusively refuting Parsons’ claim.
 

 Reversed and remanded.
 

 WALLACE and CRENSHAW, JJ„ Concur.
 

 [1]
 

 . Section 948.06(l)(a), Florida Statutes (2008), authorizes any law enforcement officer who is aware of an offender's probationary status to arrest that person without a warrant for a violation of probation.