PER CURIAM.
Appellant, Alan F. Cox, seeks review of the denial of his motion seeking jail credit pursuant to Rule 3.801, Florida Rules of Criminal Procedure, positing two grounds for reversal, one of which requires a remand to determine whether Cox’s time incarcerated in a Walton County jail is creditable to his sentence for violating probation on charges arising in Okaloosa County. We otherwise affirm.
In 2007, Cox was convicted of possession of a firearm by a felon and culpable negligence arising in Okaloosa County, and sentenced to state prison to be followed by probation. On the same day in 2010 that he was released from state prison, he purchased a riñe while on his way to report to his Okaloosa County probation officer, but was intercepted and arrested without a warrant in Walton County on a new felony charge. His probation officer, who went to the scene, effectuated a warrantless arrest on the probation violation. After federal authorities assumed prosecution and incarceration of Cox for the new charge, the state dropped prosecution of the new charge, but following completion of his federal sentence, Cox was incarcerated in state prison for the probation violation.
At issue is Cox’s motion seeking jail credit against his Okaloosa County sentence for his time spent in Walton County jail after his warrantless arrest while on probation until his transfer to federal custody, which the trial court denied. Because Okaloosa County had filed a detainer after Cox’s warrantless arrest and served him with a paper warrant when he returned to Okaloosa County, the trial court determined that it was at that later time when Cox’s jail sentence began. On this point, Williams v. State, 4 So.3d 728 (Fla. 5th DCA 2009), is instructive. There, like here, the defendant was on probation in one county, Marion County, when she was arrested in another, Seminole County, for committing a new law offense. Upon returning to Marion County to answer to the probation violation, she sought jail credit for the time spent in jail in Seminole County. The trial court denied the motion, finding the appellant had not actually been arrested until after being returned to Marion County pursuant to a paper warrant served at that time. The Fifth District reversed, highlighting that the appellant had actually been arrested in Seminole County via a warrantless arrest for the Marion County probation violation,[1] which the trial court may have overlooked. Id. at 729-30; see also Parsons v. State, 16 So.3d 317, 317 (Fla. 2d DCA 2009) (reversing denial of motion for jail credit where record did not conclusively refute the appellant’s claim that he did not receive all the credit he was due from the date of his *455 warrantless arrest in county of new law offense); Svenson v. State, 16 So.3d 1019, 1019 (Fla. 5th DCA 2009) (reversing and remanding for trial court to attach records that conclusively refuted the appellant’s claim that he did not receive all the jail credit for the period of time he spent in a Seminole County jail before being transferred to Orange County for sentencing in a VOP proceeding); Perez v. State, 8 So.3d 1152 (Fla. 5th DCA 2009) (same).
Collectively, these cases illustrate that a warrantless arrest for a violation of probation may entitle a defendant to jail credit in the violation of probation case even if the defendant is arrested in a different county on a new law offense and held in that county’s jail. Because the trial court appears to have overlooked this legal point, we reverse the denial of Cox’s second claim and remand for the trial court to reconsider the matter.
AFFIRMED in part, REVERSED AND REMANDED in part.
MAKAR, KELSEY, and WINSOR, JJ., CONCUR.

. Marion County's records indicate that on remand the trial court awarded Williams the credit she sought.