857 So.2d 292 (2003)
William K. FOLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1935.
District Court of Appeal of Florida, Second District.
September 24, 2003.
Rehearing Denied October 22, 2003.
STRINGER, Judge.
William K. Foley challenges the summary denial of his motion to correct illegal sentence. Foley alleged that he was entitled to 274 more days of jail credit, stemming from three separate claims of error. We affirm the order of the trial court with regard to the time Foley spent in Indian River County jail from May 10, 2001, to December 5, 2001. See Gethers v. State, 838 So.2d 504 (Fla.2003). Because the trial court failed to address one claim and failed to attach documentation refuting another, we reverse.
On November 4, 1999, Foley was arrested for forgery, grand theft, resisting/obstructing an officer, and giving a false name. Thirty-three days later, Foley was released on his own recognizance, pursuant to Florida Rule of Criminal Procedure *293 3.134(1), because no formal charges had been filed. On August 28, 2000, an information was filed for these charges, and Foley was arrested on September 12, 2000. Foley claimed in his motion that he was not released on bond until September 28, 2000. The trial court, in its order, stated that Foley was released on the same day as his arrest, September 12. However, the trial court did not attach any documentation to refute Foley's claim that he was held until September 28. Because the trial court failed to attach documentation to its order refuting Foley's claim, we reverse.
Foley also alleged that he did not receive credit for the thirty-three days he spent in jail in 1999 before formal charges were filed. It appears from the record that he is correct. Because the trial court failed to address this claim in its order, we reverse. On remand, if the trial court finds that Foley is not entitled to credit, it must attach documentation to its order which refutes his claims.
Reversed and remanded.
COVINGTON and WALLACE, JJ., Concur.