ALTENBERND, Judge.
 

 Mark Bronk appeals the denial of his motion, which is his second motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He seeks additional jail credit in circuit court case number CRC07-03696CFAWS, a felony charge of failure to appear, for the time he spent in jail after being arrested on a bench warrant for failure to appear in case number CRC05-04571CFAWS. The State’s response admits that when a failure to appear in court in one case results in an arrest on a bench warrant prior to the filing of a second information charging the failure to appear as a separate offense, a defendant is entitled to jail credit on the new charge for all time spent in jail as a result of the bench warrant. Accordingly, we reverse and remand for the trial court to award additional jail credit. We note that we have expedited the release of this opinion because the additional jail credit should allow for Mr. Bronk’s release in the very near future.
 

 On February 26, 2007, Mr. Bronk failed to appear at a pretrial conference in case number CRC05-04571, a charge of trafficking in illegal drugs. The trial court issued a bench warrant for Mr. Bronk’s arrest at that time.
 

 On March 6, 2007, Mr. Bronk was arrested on the bench warrant. Mr. Bronk was continuously in jail from this arrest until his sentencing. The State filed a felony information formally charging him with failure to appear on July 6, 2007, in case number CRC07-03696. On July 12, 2007, while in jail, Mr. Bronk was arrested on the new warrant issued due to the filing of the formal charge of failure to appear.
 

 The trial court sentenced Mr. Bronk in both of these cases on July 30, 2007. He received concurrent sentences, each sentence of imprisonment being three years, five months, and twenty-three days in length. However, he received fewer days of jail cx*edit in case number CRC07-03696 because the trial court commenced his credit in that case on July 12, the date he was arrested in jail on the warrant issued in connection with the new information.
 

 Mr. Bronk filed an earlier postcon-viction motion challenging his jail credit. The trial court gave him an additional eighteen days of credit in case number CRC05-04571 but no additional credit in case number CRC07-03696. We affirmed that order on appeal. Our affirmance undoubtedly prompted the trial court to deny this second motion for jail credit. However, on this second review, we realized that we had misunderstood Mr. Bronk’s claim and the interrelationship between the two cases because the first pro se pleading had not adequately explained the nature of the
 
 *703
 
 bench warrant. The fact that this court affirmed a denial of his claim in a previous postconviction motion does not preclude relief when the award of jail credit is clearly incorrect as a matter of law and a failure to correct that error would result in manifest injustice.
 
 See State v. McBride,
 
 848 So.2d 287 (Fla.2003);
 
 Cillo v. State,
 
 913 So.2d 1233 (Fla. 2d DCA 2005);
 
 Lawton v. State,
 
 731 So.2d 60 (Fla. 2d DCA 1999);
 
 Allen v. State,
 
 989 So.2d 731 (Fla. 4th DCA 2008).
 

 Section 921.161(1), Florida Statutes (2006), provides in pertinent part that “the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence.” The statutory entitlement to pre-sentence jail credit starts with the initial arrest for a criminal offense.
 
 See Gethers v. State,
 
 838 So.2d 504, 506-07 (Fla.2003);
 
 Bedford v. State,
 
 880 So.2d 1265, 1266-67 (Fla. 2d DCA 2004). Jail credit continues to accrue until an actual release from custody.
 
 See Green v. State,
 
 979 So.2d 395 (Fla. 2d DCA 2008).
 

 Failure to appear is an unusual offense because the first warrant issued for the criminal act is often issued in an earlier case. A single act is essentially an act of disobedience or contempt in the first case and a separate felony offense in the second case. The question, thus, is whether jail credit for the separate offense runs from the arrest on the bench warrant in the earlier case or only from the arrest following the filing of the second information.
 

 We note that in most criminal cases, the initial arrest will precede the filing of formal charges. The entitlement to jail credit starts with the initial arrest, even if the accused is later arrested again while in jail due to the filing of the formal charges and even if the offense reflected at the time of arrest is not the offense ultimately alleged in the information.
 

 When this court commenced its review of this second postconviction appeal, we became concerned that Mr. Bronk had alleged a valid claim even though he had cited no case law that was directly on point. Accordingly, we asked the State to respond.
 

 The State responded and disclosed this court’s decision in
 
 Lee v. State,
 
 890 So.2d 1292 (Fla. 2d DCA 2005), which squarely supports Mr. Bronk’s claim. The State also recognized that the doctrine of law of the case did not prevent an award of additional jail credit at this time. This court acknowledges and appreciates the professionalism of the attorney who filed the State’s response.
 

 Accordingly, Mr. Bronk is entitled to an award of jail credit in case number CRC07-03696 from March 6, 2007, to July 12, 2007.
 
 See Foley v. State,
 
 857 So.2d 292 (Fla. 2d DCA 2003).
 

 We reverse with directions for the post-conviction court to award this jail credit. Because Mr. Bronk may be entitled to a release from prison in February 2010 and the State has recognized the error in this case, we issue our mandate with this opinion to provide the trial court with the power to award the credit forthwith.
 

 Reversed and remanded with directions.
 

 CASANUEVA, C.J., and VILLANO!, J., Concur.