NORTHCUTT, Judge.
Terrail Whitehead appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), in which he claims he was not awarded all of the jail credit to which he was entitled. We reverse and remand for further proceedings, which should be conducted on an expedited basis.
Procedural History
In case number 06-25270-CF, Mr. Whitehead pleaded guilty to aggravated assault with a firearm, and the trial court sentenced him to five years in prison on June 3, 2010. The court awarded Mr. Whitehead 1297 days’ credit for jail time served before imposition of that sentence. In case number 06-26912-CF, Mr. Whitehead pleaded guilty to robbery, possession of cocaine, and resisting arrest without violence on June 3, 2010, and the trial court sentenced him to concurrent terms of eight years, five years, and time served, respectively. The court ordered that the sentences in case number 06-26912-CF run concurrently with Mr. Whitehead’s sentence in case number 06-25270-CF, and it awarded him 1096 days’ credit for jail time served.
In his motion filed pursuant to rule 3.800(a), Mr. Whitehead contends that he was entitled to 1316 days’ credit for time served in both cases because he was arrested on October 25, 2006, and was continuously held in jail until he was transferred to the Department of Corrections. Mr. Whitehead alleges that the criminal arrest affidavit, the case progress docket, and the judgments of conviction and sentence will demonstrate his entitlement to an additional 221 days’ credit for time served on case number 06-26912-CF.
The postconviction court summarily denied Mr. Whitehead’s motion. Relying on a Pinellas County Justice Information System custody and bond screen printout, which the court attached to its order, the postconviction court found that in case number 06-25270-CF, Mr. Whitehead was arrested on November 15, 2006, and held until he was sentenced on June 3, 2010, so he was properly awarded 1297 days’ credit for time served in county jail.
Again relying on a Pinellas County Justice Information System custody and bond screen printout that it attached to the order, the postconviction court found that in case number 06-26912-CF, Mr. Whitehead was arrested on December 6, 2006, but that he was not taken into custody until June 4, 2007. The court found that Mr. Whitehead was detained from June 4, 2007, until he was sentenced on June 3, 2010, so he was properly awarded 1096 days’ credit for jail time served. The post-conviction court also attached Mr. Whitehead’s judgments and sentences to its order, but the court did not attach the arrest affidavit or the case progress docket.
Analysis
The Pinellas County Justice Information System custody and bond screen printouts do not refute Mr. Whitehead’s claim that the criminal arrest affidavit, the case progress docket, and the judgments of conviction and sentence will demonstrate his entitlement to additional days’ credit for time *932 served on case number 06-26912-CF. The screen printout for case number 06-26912-CF indicates that Mr. Whitehead was released on his own recognizance on December 6, 2006, before he was placed in maximum security detention on June 4, 2007. However, the screen printout does not show when Mr. Whitehead was arrested. If, for example, Mr. Whitehead was arrested and initially detained as a juvenile under a different case number, he would be entitled to credit for all of the time he was detained. See Bronk v. State, 25 So.3d 701, 703 (Fla. 2d DCA 2010) (“The entitlement to jail credit starts with the initial arrest, even if the accused is later arrested again while in jail due to the filing of the formal charges and even if the offense reflected at the time of arrest is not the offense ultimately alleged in the information.”).
Further, the screen printouts the post-conviction court attached are inconsistent, so they do not refute Mr. Whitehead’s claim. The screen printout for case number 06-25270-CF shows that Mr. Whitehead was released on his own recognizance on November 15, 2006, but it also shows that he was detained in the maximum security section of the jail the same day and remained there until he was sentenced on June 3, 2010. If Mr. Whitehead was detained at the jail between November 15, 2006, and June 3, 2010, he would be entitled to credit for time served in case number 06-26912-CF, as he could not have actually been released on his own recognizance between December 6, 2006, and June 4, 2007. See Gh’een v. State, 979 So.2d 395, 395-96 (Fla. 2d DCA 2008) (reversing summary denial of motion seeking additional jail credit where the documents attached to the postconviction court’s order did not show that the defendant was actually released on bond). Accordingly, we reverse and remand for further proceedings in accordance with this opinion. If the postconviction court again summarily denies Mr. Whitehead’s motion, it shall attach to its order the arrest affidavits and all relevant case progress dockets for case number 06-25270-CF and for case number 06-26912-CF. Because Mr. Whitehead is currently scheduled to be released from prison on July 22, 2014, the circuit court shall consider Mr. Whitehead’s motion on an expedited basis.
Reversed and remanded with instructions.
SILBERMAN and VTLLANTI, JJ„ Concur.