NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANTHONY WILLIAMS,                           )
                                            )
          Appellant,                        )
                                            )
v.                                          )          Case No. 2D14-2125
                                            )
STATE OF FLORIDA,                           )
                                            )
          Appellee.                         )
_____)

Opinion filed November 14, 2014.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Hendry County; Donald H. Mason,
Judge.

SILBERMAN, Judge.

          Anthony Williams appeals the order summarily denying his motion to

correct jail credit filed under Florida Rule of Criminal Procedure 3.801.  We reverse.

          Williams was arrested on May 27, 2011, and later charged with criminal

mischief, burglary of a structure, possession of burglary tools, and grand theft.  On June

1, 2011, he bonded out of jail.  After Williams failed to appear, a warrant for his arrest

was issued, and it was served on March 15, 2013.  Williams pleaded to the offenses

and was sentenced on July 12, 2013.  He was awarded 125 days of jail credit, 5 days

for the time he spent in jail after his original arrest and 120 days for the time he spent in jail after he was arrested for failing to appear.

In his motion to correct jail credit, Williams argued that under these facts he was entitled to one more day of jail credit for a total of 126 days. The State asserted that Williams was entitled to only four days' credit for the time he spent in jail from May 27, 2011, to June 1, 2011, and that he should have been awarded a total of 124 days' credit. The postconviction court concurred with the State's calculations and denied Williams' motion. But May 27 to June 1 is 6 days. See Bronk v. State, 25 So. 3d 701, 703 (Fla. 2d DCA 2010) (noting that the statutory entitlement to jail credit starts with the initial arrest and continues until the actual release from custody). Thus, Williams is entitled to one more day of jail credit. Accordingly, we reverse and remand for the postconviction court to award Williams one more day of jail credit for a total of 126 days.

Reversed and remanded with directions.

MORRIS and SLEET, JJ., Concur.