IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JENNIFER JOHNSON,                           )
                                            )
            Appellant,                      )
                                            )
v.                                          )        Case No. 2D15-52
                                            )
STATE OF FLORIDA,                           )
                                            )
            Appellee.                       )
_____)

Opinion filed October 2, 2015.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; Reinaldo Ojeda, Judge.

PER CURIAM.

          Jennifer Johnson appeals the order summarily denying her motion for jail

credit filed under Florida Rule of Criminal Procedure 3.801.  The postconviction court

denied Ms. Johnson's motion on the merits, because it found she was properly awarded

forty-seven days of jail credit for the time spent between the issuance of the capias on

August 14, 2014, until her sentencing on September 30, 2014.

          In her motion, Ms. Johnson claimed entitlement to a total of eighty-seven

days of jail credit from the date of her arrest on July 5, 2014, until her sentencing on

September 30, 2014.  A defendant is considered to be in custody from the date of the

initial arrest.  See Bronk v. State, 25 So. 3d 701, 703 (Fla. 2d DCA 2010); see also

Gethers v. State, 838 So. 2d 504, 506-07 (Fla. 2003).

The postconviction court failed to address Ms. Johnson's claim that she was entitled to jail credit from the date of her arrest but instead only addressed the credit due from the issuance of her capias. It is possible that Ms. Johnson was served with her capias while in jail on her warrantless arrest. The record failed to refute her claim. This was error and requires reversal. See Foley v. State, 857 So. 2d 292, 293 (Fla. 2d DCA 2003) (reversing the denial of a motion for jail credit because the postconviction court failed to refute the defendant's claim that he was entitled to credit from the date of his arrest until sentencing). The postconviction court should promptly review Ms. Johnson's claim in light of her expected date of release. Accordingly, we reverse the postconviction court's order and remand for reconsideration of Ms. Johnson's rule 3.801 motion.

Reversed and remanded for reconsideration.

ALTENBERND, WALLACE, and MORRIS, JJ., Concur.