NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANTONIO FERNANDEZ,                    )
                                      )
            Appellant,                )
                                      )
v.                                    )          Case No. 2D15-2094
                                      )
STATE OF FLORIDA,                     )
                                      )
            Appellee.                 )
_____  )

Opinion filed June 22, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pasco County; Mary M. Handsel, Judge.

PER CURIAM.

Antonio Fernandez appeals the postconviction court's order summarily

denying his motion for jail credit filed under Florida Rule of Criminal Procedure 3.801.

Because Fernandez is entitled to jail credit in case number 2014-CF-241 for the time he

spent in jail from the date of his arrest for failure to appear in case number 2013-CF-

2199, we reverse.

Fernandez claimed entitlement to additional jail credit in case number

2014-CF-241, in which he was charged with failure to appear for proceedings in case

number 2013-CF-2199. He asserted that he was awarded jail credit only from the date

that the information was filed in the 2014 case, January 22, 2014, until the date of

sentencing, September 26, 2014, in spite of the fact that he was actually arrested for failure to appear on December 13, 2013. The postconviction court denied Fernandez's claim for additional credit, interpreting it as a claim for additional jail credit in both the 2013 and 2014 cases. To the extent that the postconviction court's order denied Fernandez's claim for additional jail credit in the 2013 case, we affirm without further discussion. However, we must reverse the postconviction court's order to the extent that it summarily denied Fernandez's claim for additional jail credit in case number 2014-CF-241.

The attachments to the postconviction court's order indicate that the 248 days of credit awarded at Fernandez's sentencing in case number 2014-CF-241 include jail time served from January 22, 2014, which appears to be the date on which the information was filed on the failure to appear charge,[1] until his sentencing on September 26, 2014. But as this court has explained, failure to appear is an unusual offense because the single act is both an act of contempt in the pending case and a separate criminal offense. See Bronk v. State, 25 So. 3d 701, 703 (Fla. 2d DCA 2010). An arrest on a bench warrant or capias in a pending case is also the initial arrest for a consequential failure to appear charge. Id.; see also Lee v. State, 890 So. 2d 1292, 1292 (Fla. 2d DCA 2005). As a result, the arrest date, rather than the date on which the charge was officially filed, is the operative date for determining jail credit. The custody and bond status reports attached to the postconviction court's order indicate that Fernandez was arrested on December 13, 2013, following his failure to appear in case

---

[1]The information for case number 2014-CF-241 was not included in the postconviction court's attachments.

- 2 -

number 2013-CF-2199. Thus, the limited postconviction record supports Fernandez's assertion that he was actually arrested for the new charge of failure to appear in case number 2014-CF-241 on December 13, 2013, forty days before the date the information was allegedly filed.

Because the attachments to the postconviction court's order do not conclusively refute Fernandez's claim that he was arrested for his failure to appear on December 13, 2013, and that he is therefore entitled to credit in case number 2014-CF-241 for jail time served from that date until sentencing—a total of 288 days—we reverse and remand for the postconviction court to award the additional jail credit.

Reversed and remanded.


CASANUEVA, KELLY, and SLEET, JJ., Concur.